UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| RANDY LEE RINDAHL,<br><br>Plaintiff,<br><br>vs.<br><br>TIM REISCH, INTERIM SECRETARY OF CORRECTIONS, IN HIS INDIVIDUAL CAPACITY; DOUG CLARK, ACTING WARDEN / INTERIM SECRETARY OF CORRECTIONS / DEPUTY SECRETARY, IN HIS INDIVIDUAL CAPACITY; DAN SULLIVAN, WARDEN, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; TROY PONTO, DEPUTY WARDEN, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; JOHN BENTING, ASSOC. WARDEN, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; J. COOK, ASSOC. WARDEN, IN HIS OR HER INDIVIDUAL AND OFFICIAL CAPACITY; C. ROTERT, EX-ASSOC. WARDEN / CCM, IN HIS OR HER INDIVIDUAL AND OFFICIAL CAPACITY; ALAN MADSEN, SECTION MANAGER, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; SAM BADURE, SECTION MANAGER, IN HIS OR HER INDIVIDUAL AND OFFICIAL CAPACITY; ELLIS, SECTION MANAGER, IN HIS OR HER INDIVIDUAL AND OFFICIAL CAPACITY; T. SCHNEIDER, SECTION MANAGER, IN HIS OR HER INDIVIDUAL AND OFFICIAL CAPACITY; K. OLSON, CASE MANAGER, IN HIS OR HER INDIVIDUAL AND OFFICIAL CAPACITY; M. JONES, DISCIPLINARY HEARING OFFICER, IN HIS OR HER INDIVIDUAL AND OFFICIAL CAPACITY; J. DREISKE, EX-DEPUTY WARDEN, IN HER INDIVIDUAL CAPACITY; D. YOUNG, EX-WARDEN, IN HIS INDIVIDUAL CAPACITY; | 4:22-CV-04073-RAL<br><br><br>ORDER AMENDING CAPTION AND DIRECTING SERVICE UPON DEFENDANT SURGICAL INSTITUTE OF SOUTH DAKOTA |

L. LENTER, RADIOLOGIST, IN HIS OR HER
INDIVIDUAL AND OFFICIAL CAPACITY;
B. RAU, RADIOLOGIST, IN HIS OR HER
INDIVIDUAL AND OFFICIAL CAPACITY;
D. FRITZ, RADIOLOGIST, IN HIS OR HER
INDIVIDUAL AND OFFICIAL CAPACITY;
S. WOODWARD, RADIOLOGIST, IN HIS OR
HER INDIVIDUAL AND OFFICIAL
CAPACITY; S. LOCKWOOD,
RADIOLOGIST, IN HIS OR HER
INDIVIDUAL AND OFFICIAL CAPACITY;
BROZIK, MD, IN HIS OR HER INDIVIDUAL
AND OFFICIAL CAPACITY; W. MULLIN,
RADIOLOGIST, IN HIS OR HER
INDIVIDUAL AND OFFICIAL CAPACITY;
M. MYERS, RADIOLOGIST, IN HIS OR HER
INDIVIDUAL AND OFFICIAL CAPACITY;
UNKNOWN MEDICAL PERSONNEL, IN
THEIR INDIVIDUAL AND OFFICIAL
CAPACITIES; CORRECTIONAL HEALTH
SERVICES; M. CARPENTER, MEDICAL
DIRECTOR, IN HER INDIVIDUAL AND
OFFICIAL CAPACITY; E. REGIER, MD, IN
HIS OR HER INDIVIDUAL AND OFFICIAL
CAPACITY; UNKNOWN CORRECTIONAL
HEALTH SERVICES NURSING STAFF, IN
THEIR INDIVIDUAL AND OFFICIAL
CAPACITIES; AVERA MEDICAL GROUP;
SURGICAL INSTITUTE OF SOUTH
DAKOTA; SIOUX FALLS SPECIAL
HOSPITAL; GTEL/GLOBAL TEL LINK
CORPORATION; CENTER FOR
DIAGNOSTIC IMAGING; KELLIE WASKO,
IN HER OFFICIAL CAPACITY,

                    Defendants.

Plaintiff Randy Lee Rindahl, an inmate at the South Dakota State Penitentiary (SDSP),
filed a pro se lawsuit under 42 U.S.C. § 1983 and several other federal statutes. Doc. 1. This
Court screened Rindahl's complaint under 28 U.S.C. § 1915A, dismissing it in part and directing
service in part. Doc. 12. In his complaint, Rindahl made several allegations that Samuel Yost, an

employee of SDSP, violated his rights, although he did not name Yost as a defendant in the caption of his complaint.  See Doc. 1 at 1-2, 40-41, 43, 48, 51-52.  This Court construed Rindahl's complaint as bringing claims against Yost and directed service on Yost.  Doc. 12 at 56-57.  This Court believes that Rindahl's failure to name Yost in the caption of his complaint was an oversight on the part of Rindahl, and Yost will be added to the caption of this lawsuit.  Further, Rindahl refers to the SDSP Warden as David Sullivan.  Doc. 1 at 1.  The SDSP Warden's actual name is Dan Sullivan.

This Court's screening order found that Rindahl alleged facts sufficient to state an Eighth Amendment deliberate indifference to serious medical needs claim against several defendants in their individual capacities and in their official capacities for injunctive relief, including Surgical Institute of South Dakota.  Doc. 12 at 34-35.  Rindahl also alleged facts sufficient to state a claim for state-law medical malpractice against the third-party medical defendants.  See id. at 35.  But the screening order failed to direct service on Surgical Institute of South Dakota.  See id. at 56-57. Thus, Rindahl's Eighth Amendment deliberate indifference to serious medical needs claim against Surgical Institute of South Dakota in its individual capacity and in its official capacity for injunctive relief and his state-law medical malpractice claim against Surgical Institute of South Dakota survive § 1915A screening.

Accordingly, it is

ORDERED that the caption of this lawsuit be amended to add Samuel Yost as a defendant in his individual and official capacity and to change Defendant David Sullivan's name to Dan Sullivan.  It is further

ORDERED that Rindahl's Eighth Amendment deliberate indifference to serious medical needs claim against Surgical Institute of South Dakota in its individual capacity and in its official capacity for injunctive relief survives § 1915A screening.  It is further

ORDERED that Rindahl's state-law medical malpractice claim against Surgical Institute of South Dakota survives § 1915A screening.  It is further

ORDERED that the Clerk shall send a blank summons form and United States Marshals Service Form (Form USM-285) to Rindahl so that he may complete the form to cause the complaint to be served upon Defendant Surgical Institute of South Dakota.  It is further

ORDERED that Rindahl shall complete and send the Clerk of Court a summons and USM-285 form for Defendant Surgical Institute of South Dakota.  Upon receipt of the completed summons and USM-285 form, the Clerk of Court will issue the summons.  If the completed summons and USM-285 form are not submitted as directed, the complaint against Surgical Institute of South Dakota may be dismissed.  It is further

ORDERED that the United States Marshals Service shall serve the completed summons, together with a copy of the complaint, Doc. 1, Rindahl's supplement containing additional allegations, Doc. 9, this Court's screening order, Doc. 12, and this order upon Defendant Surgical Institute of South Dakota.  It is further

ORDERED that Defendant Surgical Institute of South Dakota will serve and file an answer or responsive pleading to the complaint and supplement on or before 21 days following the date of service or 60 days if the defendant falls under Fed. R. Civ. P. 12(a)(2) or (3).  It is finally

ORDERED that Rindahl will keep the court informed of his current address at all times. All parties are bound by the Federal Rules of Civil Procedure and by the court's Civil Local Rules while this case is pending.

DATED January 17th, 2023.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE