UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| RANDY LEE RINDAHL,<br><br>Plaintiff,<br><br>vs.<br><br>TIM REISCH, IN HIS INDIVIDUAL CAPACITY; DOUG CLARK, IN HIS INDIVIDUAL CAPACITY; DAN SULLIVAN, IN HIS INDIVIDUAL CAPACITY; TROY PONTO, DEPUTY WARDEN, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; JOHN BENTING, ASSOC. WARDEN, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; J. COOK, ASSOC. WARDEN, IN HIS OR HER INDIVIDUAL AND OFFICIAL CAPACITY; C. ROTERT, EX-ASSOC. WARDEN / CCM, IN HIS OR HER INDIVIDUAL AND OFFICIAL CAPACITY; ALAN MADSEN, SECTION MANAGER, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; SAM BADURE, SECTION MANAGER, IN HIS OR HER INDIVIDUAL AND OFFICIAL CAPACITY; ELLIS, SECTION MANAGER, IN HIS OR HER INDIVIDUAL AND OFFICIAL CAPACITY; T. SCHNEIDER, SECTION MANAGER, IN HIS OR HER INDIVIDUAL AND OFFICIAL CAPACITY; K. OLSON, CASE MANAGER, IN HIS OR HER INDIVIDUAL AND OFFICIAL CAPACITY; M. JONES, DISCIPLINARY HEARING OFFICER, IN HIS OR HER INDIVIDUAL AND OFFICIAL CAPACITY; J. DREISKE, EX-DEPUTY WARDEN, IN HER INDIVIDUAL CAPACITY; D. YOUNG, EX-WARDEN, IN HIS INDIVIDUAL CAPACITY; L. LENTER, RADIOLOGIST, IN HIS OR HER INDIVIDUAL AND OFFICIAL CAPACITY; B. RAU, RADIOLOGIST, IN HIS OR HER | 4:22-CV-04073-RAL<br><br><br>OPINION AND ORDER DENYING PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTION |

| | |
|---|---|
| INDIVIDUAL AND OFFICIAL CAPACITY; D. FRITZ, RADIOLOGIST, IN HIS OR HER INDIVIDUAL AND OFFICIAL CAPACITY; S. WOODWARD, RADIOLOGIST, IN HIS OR HER INDIVIDUAL AND OFFICIAL CAPACITY; S. LOCKWOOD, RADIOLOGIST, IN HIS OR HER INDIVIDUAL AND OFFICIAL CAPACITY; BROZIK, MD, IN HIS OR HER INDIVIDUAL AND OFFICIAL CAPACITY; W. MULLIN, RADIOLOGIST, IN HIS OR HER INDIVIDUAL AND OFFICIAL CAPACITY; M. MYERS, RADIOLOGIST, IN HIS OR HER INDIVIDUAL AND OFFICIAL CAPACITY; UNKNOWN MEDICAL PERSONNEL, IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES; M. CARPENTER, MEDICAL DIRECTOR, IN HER INDIVIDUAL AND OFFICIAL CAPACITY; E. REGIER, MD, IN HIS OR HER INDIVIDUAL AND OFFICIAL CAPACITY; UNKNOWN CORRECTIONAL HEALTH SERVICES NURSING STAFF, IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES; AVERA MEDICAL GROUP; SURGICAL INSTITUTE OF SOUTH DAKOTA; SIOUX FALLS SPECIAL HOSPITAL; GTEL/GLOBAL TEL LINK CORPORATION; CENTER FOR DIAGNOSTIC IMAGING; KELLIE WASKO, IN HER OFFICIAL CAPACITY; SAMUEL YOST, IN HIS INDIVIDUAL CAPACITY; TERESA BITTINGER,[1] IN HER OFFICIAL CAPACITY.<br>      Defendants. | |

  Plaintiff Randy Lee Rindahl, an inmate at the South Dakota State Penitentiary (SDSP),

---

  [1] Rindahl's complaint included claims against Doug Clark, the former Warden of the SDSP, in his individual and official capacity. See Doc. 1 at 1; Doc. 6 at 1–2. When this Court screened Rindahl's complaint, Dan Sullivan, who was the Warden of the SDSP, was automatically substituted for Clark on Rindahl's official capacity claims in accordance with Federal Rule of Civil Procedure 25(d). See Doc. 12 at 12, n.7. Sullivan is no longer the Warden of the SDSP. Teresa Bittinger, the current Warden of the SDSP, is automatically substituted for Sullivan on Rindahl's official capacity claims. Fed. R. Civ. P. 25(d).

2

filed this pro se lawsuit under 42 U.S.C. § 1983 and other federal statutes. Doc. 1. This Court screened Rindahl's complaint under 28 U.S.C. § 1915A, dismissing the complaint in part and directing service upon defendants in part. Doc. 12. Rindahl has filed four motions for preliminary injunctive relief, Docs. 45, 84, 85, 121, which are denied for the following reasons.

I.  **Applicable Standard**

A preliminary injunction is an "extraordinary and drastic remedy[.]" Munaf v. Geren, 553 U.S. 674, 689–90 (2008) (citation omitted). Rindahl, the party seeking preliminary relief, bears the burden of establishing the elements necessary for relief. Watkins, Inc. v. Lewis, 346 F.3d 841, 844 (8th Cir. 2003). Whether a preliminary injunction should issue is decided by weighing the four Dataphase factors: "(1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on the other parties litigant; (3) the probability that the movant will succeed on the merits; and (4) the public interest." Dataphase Sys., Inc. v. CL Sys., Inc., 640 F.2d 109, 114 (8th Cir. 1981) (en banc). Without a showing of irreparable harm, a preliminary injunction should not be issued. Modern Comput. Sys., Inc. v. Modern Banking Sys., Inc., 871 F.2d 734, 738 (8th Cir. 1989) (en banc); see also Watkins, Inc. v. Lewis, 346 F.3d 841, 844 (8th Cir. 2003) ("Failure to show irreparable harm is an independently sufficient ground upon which to deny a preliminary injunction."). To demonstrate irreparable harm, Rindahl must show that the harm is "certain, great and of such imminence that there is a clear and present need for equitable relief." Gard v. Kaemingk, 4:13-CV-04062-LLP, 2014 WL 4092776, at *2, 2014 U.S. Dist. LEXIS 114113, at *5–6 (D.S.D. Aug. 18, 2014) (quoting Packard Elevator v. Interstate Com. Comm'n, 782 F.2d 112, 115 (8th Cir. 1986)). In a prison setting, a request for a preliminary injunction "must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of

prison administration.'" Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995) (quoting Rogers v. Scurr, 676 F.2d 1211, 1214 (8th Cir. 1982)).

## II.  Motion for Injunctive Relief – Medical Provision (Doc. 45)[2]

In this motion for injunctive relief, Rindahl seeks two types of relief. First, he seeks an order "obtaining ALL Medical/Medical Treatment" pending resolution of this proceeding. Doc. 45 at 1. It appears that this request for relief is based on nothing other than the fact that Rindahl's Eighth Amendment deliberate indifference to serious medical needs claim for injunctive relief against some defendants survived screening. See id. (quoting Doc. 12 at 34–35). But the fact that a claim for injunctive relief survives screening does not mean that the plaintiff is entitled to preliminary injunctive relief before the merits of his claim are considered. In Rindahl's motion, he does not mention the standard for granting injunctive relief, demonstrate irreparable harm, or persuasively argue that he is likely to succeed on the merits. Because Rindahl has failed to demonstrate that he is entitled to preliminary injunctive relief, his motion for an order "obtaining ALL Medical/Medical Treatment" pending resolution of this proceeding, Doc. 45, is denied.

In this motion for injunctive relief, Rindahl seeks a separate order requiring Wasko to obtain all Rindahl's records from Bittinger and to transmit those records to a Mayo Clinic facility in Osseo, Wisconsin, for review under the peer review provisions of the Health Care Quality Improvement Act, 42 U.S.C. § 11101. Doc. 45 at 2. Rindahl also seeks an order directing that the "peer review" report be filed with the South Dakota Medical Board for removal of "offending physicians of their clinic and hospital privileges pending outcome of further proceedings[.]" Id. (capitalization in original omitted). The purpose of preliminary relief is to preserve the status quo

---

[2] SFSH, the Department of Corrections Defendants, and Surgical Institute and Dr. Brozik oppose Rindahl's motion. Docs. 50, 51, 52.

4

and prevent irreparable harm until the court has an opportunity to rule on the merits of the complaint. Dataphase, 640 F.2d at 113, n.5 (citation omitted). Rindahl does not seek an order preserving the status quo. Rather, he requests that this Court interject itself into the peer review, credentialing, and licensing of South Dakota medical providers, all of which is beyond the scope of this Court's authority in a § 1983 action. See Webb v. Nebraska, 2021 WL 2002925, at *2, 2021 U.S. Dist. LEXIS 95384, at *6 (D. Neb. May 19, 2021) (stating that plaintiff's request that the court enter an order revoking the license of a state mental hospital and requiring a state licensing board and federal law enforcement officers to investigate the plaintiff's allegations are not forms of relief available under 42 U.S.C. § 1983); Herzog v. Scanlan, 2009 WL 1649246, at *2, 2009 U.S. Dist. LEXIS 48278, at *6 (D. Neb. June 9, 2009) (stating that a district court does not have authority to revoke the medical license of a § 1983 defendant because revocation of a medical license is a question of state law governed by state statute); Cranford v. Eyiuche, 2018 WL 3348736, at *3, 2018 U.S. Dist. LEXIS 113682, at *5 (E.D. Cal. July 9, 2018) (holding that plaintiff's request that the court revoke the license and terminate the employment of a nurse who allegedly refused to treat her "is a frivolous demand for injunctive relief, because the court does not have the authority to grant this type of relief under § 1983." (citations omitted)). For these reasons, Rindahl's motion for injunctive relief – medical provisions, Doc. 45, is denied in its entirety.

### III. Motion for Preliminary Injunction Regarding Single Cell Status (Doc. 84)

Rindahl seeks a preliminary injunction enforcing an alleged administrative remedy response in 2010 mandating that he be provided single cell status. Doc. 84. The Department of Corrections Defendants oppose his motion. Doc. 92. When this Court screened Rindahl's complaint, his double-celling claims were dismissed. Doc. 12 at 43–45. Because the Court

dismissed Rindahl's double-celling claims, the Court denied Rindahl's motions for a temporary restraining order directing his removal from double-cell status. Id. at 53. Because Rindahl has no pending double-celling claim, his motion for a preliminary injunction mandating that he be provided single cell status, Doc. 84, is denied. See Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam) (stating that a plaintiff seeking a preliminary injunction "must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint").

### IV. Motion for Preliminary Injunction Regarding Enforcement of the DOC's Inmate Access to Telephone and Tablet policy (Doc. 85)

Rindahl filed a motion for preliminary injunction seeking an order enjoining the enforcement of the DOC Policy 1.5.D.4, which is titled "Inmate Access to Telephones and Tablets." Doc. 85. The Department of Corrections Defendants oppose his motion. Doc. 93. Rindahl has not provided a copy of the policy, but in his motion for preliminary injunction, he quotes a portion of the policy. According to Rindahl, the policy provides that "[i]nmate[s] may not use the telephone or tablet system to engage in, initiate, further or continue any type of criminal activity or prohibited behavior(s)[.]" Id. The policy further provides, according to Rindahl, that "access to telephone or tablets for personal communication may be restricted or suspended through a disciplinary sanction in response to behaviors which include reasonable belief an inmate has use[d] a telephone or tablet to threaten or harm another or cause disruption or threat to the safety, security or good order of the institution." Id.

Rindahl's motion includes conclusory, cursory allegations that he will suffer immediate and irreparable harm if defendants are not enjoined from enforcing the quoted policy. Id. at 2–3. But Rindahl provides no evidentiary support for these allegations. For a preliminary injunction to issue "a right must be violated" and the "court must determine" whether "a cognizable danger of

future violation exists and that danger must be more than a mere possibility." Goff, 60 F.3d at 521 (quoting Rogers, 676 F.2d at 1214). Rindahl's motion for preliminary injunction seems to be premised on his assumption that he has an unlimited right under the First Amendment to communicate by telephone and electronically, but this is not correct. As this Court noted in its § 1915A Screening Order, " ' it is a perilous over-generalization' to declare that inmates have a First Amendment right to telephone access." Doc. 12 at 29 (quoting Holloway v. Magness, 666 F.3d 1076, 1079 (8th Cir. 2012)); see also Grayson v. Fed. Bureau of Prisons, 2012 WL 380426, at *3 (N.D. W. Va. Feb. 6, 2012) ("[P]risoners have no First Amendment constitutional right to access email." (citation omitted)); Sebolt v. LaRiva, 2017 WL 2271441, at *3 (N.D. Ind. May 23, 2017) ("[T]here are no decisions from any federal court holding that an inmate has a constitutional right to access computers or an electronic mail system.").

Further, as this Court recognized in its § 1915A Screening Order, prison policies restricting First Amendment rights are constitutional "if [they are] reasonably related to legitimate penological interests." Doc. 12 at 29 (quoting Turner v. Safley, 482 U.S. 78, 89 (1987)). Rindahl's motion for preliminary injunction does not mention the Turner factors, and he has presented no evidence for this Court to consider when applying the Turner analysis to his claim. See generally Doc. 85. Rindahl, the moving party, has not meet his burden of establishing that a preliminary injunction should be issued. Goff, 60 F.3d at 520 (stating that "[t]he burden of proving that a preliminary injunction should be issued rests entirely with the movant"). Rindahl's motion for preliminary injunction, Doc. 85, is denied.

V.  **Motion for Preliminary Injunction Regarding DOC Policies Related to Administration of Inmate Accounts and the DOC's Digital Legal Materials (Doc. 121)**

In this motion, Rindahl seeks two forms of relief. First, Rindahl seeks a preliminary injunction prohibiting the DOC defendants from enforcing DOC Policy 1.1.B.2. Doc. 121. This policy authorizes the DOC to transfer inmate's spending account funds once the account balance reaches a certain level. Id. at 1–2. The funds are moved to a savings account or used to pay the inmate's financial obligations. Id. In his complaint, Rindahl alleges that the transfer of funds from his spending account to his savings and frozen account violates his due process rights. Doc. 1 at 49. But this claim did not survive § 1915A screening. Doc. 12 at 45–46. Because Rindahl's request for preliminary injunctive relief is not related to any claim that survived § 1915A screening, Rindahl's motion for a preliminary injunction enjoining the enforcement of DOC Policy 1.1.B.2 is denied. See Devose, 42 F.3d at 471 (stating that a plaintiff seeking a preliminary injunction "must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint").

Rindahl also seeks a preliminary injunction related to "law library materials," but he does not specifically articulate the relief he is requesting. Doc. 121. Rindahl alleges that the Department of Corrections has "tossed" all hardcopy legal publications, including the South Dakota Codified Law and United States Code, and refuses to install any legal research software on the three law library computers. Id. at 3. He also references a donor computer program that would provide for at least nine additional computers in the law library. Id. at 4. Finally, Rindahl seems to propose digital correspondence capability that would permit inmates to send privileged, legal correspondence electronically. Id. at 5. But Rindahl does not provide any facts or argument

that the current policies and procedures to provide access to the courts[3] irreparably harm him. See generally Doc. 121. Further, he has not demonstrated that he is likely to succeed on the merits of his access-to-the-courts claim.

According to Rindahl, if the Department of Corrections installs legal research software and digital correspondence capability on the existing and additional law library computers he references, it would be more cost effective than the current provisions for providing inmates access to the courts, although he provides no competent evidence to support his allegations. Id. at 5. A preliminary injunction is not a mechanism for courts or inmates to insert themselves into prison administration by determining what is the most cost efficient or effective processes and policies for the Department of Corrections to implement. Such decisions are exclusively within the purview of the legislative and executive branches, not the judiciary. Turner, 482 U.S. at 84–85 (recognizing that prison administration is the responsibility of the legislative and executive branches because "[r]unning a prison is an inordinately difficult undertaking that requires expertise, planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government"). This Court's role is to apply the Dataphase factors to determine whether Rindahl has met his burden of establishing that a preliminary injunction should issue. Because he has not, his motion for preliminary injunction regarding DOC policies related to administration of inmate accounts, and the DOC's digital legal materials, Doc. 121, is denied.

VI.   **Conclusion**

Accordingly, it is

---

[3] Rindahl acknowledges that he has access to electronic legal research software on the tablet the Department of Corrections provides to him. Doc. 121 at 4; see also Doc. 1 at 6–7; Doc. 12 at 7.

ORDERED that Teresa Bittinger, the current Warden of the SDSP, is automatically substituted for Dan Sullivan, the former Warden, on Rindahl's official capacity claims.

ORDERED that Rindahl's motion for injunctive relief – medical provision, Doc. 45, is denied. It is further

ORDERED that Rindahl's motion for preliminary injunction regarding single cell status, Doc. 84, is denied. It is further

ORDERED that Rindahl's motion for preliminary injunction regarding enforcement of the DOC's inmate access to telephone and tablet policy, Doc. 85, is denied. It is finally

ORDERED that Rindahl's motion for preliminary injunction regarding DOC policies related to administration of inmate accounts and the DOC's digital legal materials, Doc. 121, is denied.

DATED this 6th day of March, 2024.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE