UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| RANDY LEE RINDAHL, <br><br> Plaintiff, <br><br> vs. <br><br> TIM REISCH, IN HIS INDIVIDUAL CAPACITY; DOUG CLARK, IN HIS INDIVIDUAL CAPACITY; DAN SULLIVAN, IN HIS INDIVIDUAL CAPACITY; TROY PONTO, DEPUTY WARDEN, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; JOHN BENTING, ASSOC. WARDEN, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; J. COOK, ASSOC. WARDEN, IN HIS OR HER INDIVIDUAL AND OFFICIAL CAPACITY; C. ROTERT, EX-ASSOC. WARDEN / CCM, IN HIS OR HER INDIVIDUAL AND OFFICIAL CAPACITY; ALAN MADSEN, SECTION MANAGER, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; SAM BADURE, SECTION MANAGER, IN HIS OR HER INDIVIDUAL AND OFFICIAL CAPACITY; ELLIS, SECTION MANAGER, IN HIS OR HER INDIVIDUAL AND OFFICIAL CAPACITY; T. SCHNEIDER, SECTION MANAGER, IN HIS OR HER INDIVIDUAL AND OFFICIAL CAPACITY; K. OLSON, CASE MANAGER, IN HIS OR HER INDIVIDUAL AND OFFICIAL CAPACITY; M. JONES, DISCIPLINARY HEARING OFFICER, IN HIS OR HER INDIVIDUAL AND OFFICIAL CAPACITY; J. DREISKE, EX-DEPUTY WARDEN, IN HER INDIVIDUAL CAPACITY; D. YOUNG, EX-WARDEN, IN HIS INDIVIDUAL CAPACITY; L. LENTER, RADIOLOGIST, IN HIS OR HER INDIVIDUAL AND OFFICIAL CAPACITY; B. RAU, RADIOLOGIST, IN HIS OR HER | 4:22-CV-04073-RAL <br><br><br> OPINION AND ORDER GRANTING DEFENDANT SFSH'S MOTION FOR SUMMARY JUDGMENT, DEFENDANT M. MYERS'S MOTION TO DISMISS, AND DEFENDANT W. MULLIN'S MOTION TO DISMISS |

| | |
|---|---|
| INDIVIDUAL AND OFFICIAL CAPACITY; D. FRITZ, RADIOLOGIST, IN HIS OR HER INDIVIDUAL AND OFFICIAL CAPACITY; S. WOODWARD, RADIOLOGIST, IN HIS OR HER INDIVIDUAL AND OFFICIAL CAPACITY; S. LOCKWOOD, RADIOLOGIST, IN HIS OR HER INDIVIDUAL AND OFFICIAL CAPACITY; BROZIK, MD, IN HIS OR HER INDIVIDUAL AND OFFICIAL CAPACITY; W. MULLIN, RADIOLOGIST, IN HIS OR HER INDIVIDUAL AND OFFICIAL CAPACITY; M. MYERS, RADIOLOGIST, IN HIS OR HER INDIVIDUAL AND OFFICIAL CAPACITY; UNKNOWN MEDICAL PERSONNEL, IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES; M. CARPENTER, MEDICAL DIRECTOR, IN HER INDIVIDUAL AND OFFICIAL CAPACITY; E. REGIER, MD, IN HIS OR HER INDIVIDUAL AND OFFICIAL CAPACITY; UNKNOWN CORRECTIONAL HEALTH SERVICES NURSING STAFF, IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES; AVERA MEDICAL GROUP; SURGICAL INSTITUTE OF SOUTH DAKOTA; SIOUX FALLS SPECIAL HOSPITAL; GTEL/GLOBAL TEL LINK CORPORATION; CENTER FOR DIAGNOSTIC IMAGING; KELLIE WASKO, IN HER OFFICIAL CAPACITY; SAMUEL YOST, IN HIS INDIVIDUAL CAPACITY; TERESA BITTINGER, IN HER OFFICIAL CAPACITY.<br>                      Defendants. | |

Plaintiff Randy Lee Rindahl, an inmate at the South Dakota State Penitentiary (SDSP), filed this pro se lawsuit under 42 U.S.C. § 1983 and other federal statutes. Doc. 1. This Court screened Rindahl's complaint under 28 U.S.C. § 1915A, dismissing the complaint in part and directing service upon defendants in part. Doc. 12. Rindahl's Eighth Amendment deliberate indifference to serious medical needs claims against Sioux Falls Specialty Hospital (SFSH), Dr.

Myers, and Dr. Mullin survived § 1915A screening. Id. at 55. Rindahl's state-law medical practice claims against these defendants also survived § 1915A screening. Id. at 55–56. SFSH, Dr. Myers and Dr. Mullin contend that Rindahl's claims are barred by the applicable statutes of limitations. Docs. 55, 73, 112. SFSH moves for summary judgment, Doc. 54, and Dr. Myers and Dr. Mullin move to dismiss Rindahl's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), Docs. 72, 111. For the reasons set forth below, these defendants' motions to dismiss Rindahl's claims as time-barred are granted.

## FACTUAL BACKGROUND

On February 6, 2012, Rindahl had a cervical MRI performed at SFSH. Doc. 56 ¶ 2; Doc. 56-1. It is undisputed that the February 6, 2012, cervical MRI is the only medical treatment Rindahl has received from SFSH. Doc. 56 ¶ 3; Doc. 57 ¶ 1.[1]

Dr. Mullin is the physician Rindahl alleges performed the February 6, 2012, "MR." Doc. 1 at 32. Rindahl alleges that Dr. Mullin is related to a SD DOC employee, whom Rindahl does not identify, that gives rise to a conflict of interest under SDCL § 24-1-25. Id. Because of this alleged conflict of interest, Rindahl alleges that Dr. Mullin withheld the "condition of the Lung's – and adjoining scar tissue damage seen within the Front Area of the Lungs[.]" Id.

---

[1] Rindahl did not respond to SFSH's Statement of Undisputed Material Facts, Doc. 57. Thus, all material facts set forth in SFSH's Statement of Undisputed Material Facts are deemed to be admitted. D.S.D. Civ. LR 56.1.D; see also Fed. R. Civ. P. 56(e)(2) (providing that the court can consider a fact undisputed when a party "fails to properly address another party's assertion of fact as required by Rule 56(c)"); Bunch v. Univ. of Ark. Bd. of Trs., 863 F.3d 1062, 1067 (8th Cir. 2017) (holding that a litigant's pro se status does not excuse him from following the district court's local rules); Johnson v. Kaemingk, 4:17-CV-04043-LLP, 2020 WL 1441713, at *1 (D.S.D. Mar. 23, 2020) (deeming facts admitted where a pro se plaintiff filed an opposition to a motion for summary judgment but did not comply D.S.D. Civ. LR 56.1.B); Joe v. Walgreens Co/ILL, 4:09-CV-04144-RAL, 2010 WL 2595270, at *1 (D.S.D. June 23, 2010) (deeming facts admitted where a pro se nonmoving party did not submit a statement of material facts or directly respond to the moving party's statement of material facts).

Rindahl alleges that he injured his jaw in 2014 while in the custody of the SDSP. Id. at 15. He alleges that Dr. Myers, a radiologist, reviewed x-rays of his injured jaw. Id. After reviewing x-rays of Rindahl's injured jaw, Dr. Myers "forwarded what could only be looked upon as a Falsified Medical Data Report – when shown to have filed with CHS and SD DOC." Id. Rindahl alleges that Dr. Myers's radiology report incorrectly states that the injury was to Rindahl's "Right Profile" instead of his left jaw. Id. Rindahl attached a copy of Dr. Myers's July 24, 2014, radiology report as an exhibit to his complaint. Doc. 1-1 at 31. Rindahl alleges that the misstatement was intentional "to conceal the cause of the injuries – or not – have been shown the cause of extending injuries – and wanton infliction of pain and suffering." Doc. 1 at 15. Rindahl also alleges that the "actions of Myer's [sic] has caused . . . [him] to continue to suffer from extending injuries – when shown within the date of 8/09/2020 – suffering from headaches – Stringers [sic] – and at times Numbness extending down from the base of the Skull through the back – down the right leg." Id.

## LEGAL ANALYSIS

I. **Legal Standard**

    A. **Motion to Dismiss**

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The court must accept the plaintiff's factual allegations as true and make inferences in the plaintiff's favor but need not accept the plaintiff's legal conclusions. Retro Television Network, Inc. v. Luken Commc'ns, LLC, 696 F.3d 766, 768–69 (8th Cir. 2012). Although detailed factual allegations are unnecessary, the plaintiff must plead enough facts to "state a claim to relief that is plausible on its face[,]" meaning "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation and citation omitted). The United States Court of Appeals for the Eighth Circuit has recognized that "when it appears from the face of the complaint itself that the limitations period has run, a limitations defense may properly be asserted through a Rule 12(b)(6) motion to dismiss." Varner v. Peterson Farms, 371 F.3d 1011, 1016 (8th Cir. 2004) (cleaned up and citations omitted).

When ruling on a Rule 12(b)(6) motion, a court generally must ignore materials outside the pleadings, but it may "consider 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint[.].'" Dittmer Props., L.P. v. FDIC, 708 F.3d 1011, 1021 (8th Cir. 2013) (cleaned up and citation omitted); see also Kushner v. Beverly Enters., 317 F.3d 820, 831 (8th Cir. 2003) (explaining that courts may also consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading" (citation omitted)). The consideration of such items does not convert a motion to dismiss into one for summary judgment. Waldner v. N. Am. Truck & Trailer, Inc., 277 F.R.D. 401, 406 (D.S.D. 2011) (citing State ex rel. Nixon v. Coeur D'Alene Tribe, 164 F.3d 1102, 1107 (8th Cir. 1999)).

B. **Summary Judgment**

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). On summary judgment, the evidence is "viewed in the light most favorable to the nonmoving party." True v. Nebraska, 612 F.3d 676, 679 (8th Cir. 2010) (citation omitted). There is a genuine issue of material fact if "a reasonable jury [could] return a verdict for either party" on a particular issue. Mayer v.

Countrywide Home Loans, 647 F.3d 789, 791 (8th Cir. 2011). A party opposing a properly made and supported motion for summary judgment must cite to particular materials in the record supporting the assertion that a fact is genuinely disputed. Fed. R. Civ. P. 56(c)(1); Gacek v. Owens & Minor Distrib., Inc., 666 F.3d 1142, 1145 (8th Cir. 2012). "Mere allegations, unsupported by specific facts or evidence beyond the nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment." Thomas v. Corwin, 483 F.3d 516, 527 (8th Cir. 2007).

## II.  Applicable Statutes of Limitations

### A.  Section 1983

While § 1983 does not contain a specific statute of limitations, the Supreme Court of the United States has instructed courts to apply the most analogous state statute of limitations to claims made under § 1983. Wilson v. Garcia, 471 U.S. 261, 266–68 (1985). South Dakota has a specific statute of limitations governing civil rights actions and requiring such actions to be brought within three years after the alleged constitutional deprivation occurred. SDCL § 15-2-15.2; see also Bell v. Fowler, 99 F.3d 262, 266 (8th Cir. 1996). While the length of the limitations period is a matter of state law, "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." Wallace v. Kato, 549 U.S. 384, 388 (2007). Under federal law, the general rule is that "accrual occurs when the plaintiff has a complete and present cause of action . . . . [T]hat is, when the plaintiff can file suit and obtain relief [.]" Id. (cleaned up). Because § 1983 borrows its statute of limitations from state law, state tolling rules apply to § 1983 claims. Forrester v. Clarenceville Sch. Dist. 537 F. Supp. 3d 944, 954 (E.D. Mich. 2021); see also Spradling v. Hastings, 912 F.3d 1114, 1120–21 (8th Cir. 2019) (applying Arkansas law to

determine whether fraudulent concealment tolls the statute of limitations in a § 1983 action filed in the Eastern District of Arkansas).

### B. State-law Medical Malpractice

South Dakota law provides that "[a]n action against a physician, surgeon, . . . hospital, . . . or other practitioner of the healing arts for malpractice, error, mistake, or failure to cure, whether based upon contract or tort, can be commenced only within two years after the alleged malpractice, error, mistake, or failure to cure shall have occurred[.]" SDCL § 15-2-14.1. In Pitt-Hart v. Sanford USD Med. Ctr., 878 N.W.2d. 406, 412–13 (S.D. 2016), the Supreme Court of South Dakota clarified that SDCL § 15-2-14.1 is statute of repose rather than a statute of limitations. Accordingly, the two-year period begins to run "from the date of the last culpable act or omission of the defendant." 878 N.W.2d at 413 (citation omitted). The court also stated that unlike a statute of limitations, "a repose period is fixed and its expiration will not be delayed by estoppel or tolling." Id. ("Likewise, fraudulent concealment does not toll a period of repose."). Thus, with respect to Rindahl's state-law medical malpractice claims, it is not necessary to determine when the claims accrued. The Court need only consider when the alleged "malpractice, error, mistake, or failure to cure" occurred.

### III. Analysis of Rindahl's claims against SFSH

### A. SFSH's Motion for Summary Judgment

Rindahl filed his complaint on June 6, 2022, Doc. 1, and SFSH was served on January 26, 2023, Doc. 20. Because it is undisputed that the only medical treatment that Rindahl has received from SFSH occurred on February 6, 2012, SFSH contends that Rindahl's § 1983 claim and state-law medical malpractice claim are time barred. Doc. 55.

7

Rindahl opposes SFSH's motion for summary judgment. Docs. 69, 100. But none of Rindahl's arguments are sufficient to overcome SFSH's motion for summary judgment. Rindahl contends that fraudulent concealment tolls the statutes of limitations.[2] The Supreme Court of South Dakota has not considered whether SDCL § 15-2-15.2 is a statute of repose or a statute of limitations, but a decision from the District of South Dakota holds that it is a statute of repose. Doe v. Aberdeen Sch. Dist., 1:18-CV-01025-CBK, 2021 WL 4268264, at *5 (D.S.D. Sept. 20, 2021), rev'd on other grounds, 42 F.4th 883 (8th Cir. 2022). SDCL § 15-2-15.2 provides that "[a]ny action brought under the federal civil rights statutes may be commenced only within three years after the alleged constitutional deprivation has occurred." A statute of limitations begins to run when a claim accrues, but a statute of repose is measured from the last culpable act or omission of the defendant. Doe, 2021 WL 4268264, at *5 (citations omitted). Because SDCL § 15-2-15.2 provides that three-year period begins to run from occurrence of the alleged constitutional deprivation, it is a statute of repose rather than a statute of limitations. A statute of repose, as a matter of law, cannot be tolled for any reason, including fraudulent concealment. Pitt-Hart, 878 N.W.2d at 413.

Even if this Court were to construe SDCL § 15-2-15.2 as a statute of limitations, Rindahl's fraudulent concealment argument fails. See Sisney v. Best, Inc., 754 N.W.2d 804, 809 (S.D. 2008) (stating that plaintiff's argument that the statute of limitations on a § 1983 claim was tolled by fraudulent concealment was "misplaced" because the plaintiff "did not seek relief based upon fraud in connection with his constitutional claims"). "Fraudulent concealment is an implied exception

---

[2] At times, it appears that Rindahl may be arguing that he is asserting a separate claim for fraudulent concealment. But fraudulent concealment is not a cause of action. Rodriguez v. Siouxland Urology Assocs., 4:09-CV-04041-KES, 2013 WL 684243, at *5 (D.S.D. Feb. 22, 2013) (stating that "[f]raudulent concealment is not a cause of action, but a mechanism to toll a statute of limitations" (citation omitted)).

to the statute of limitations. When applicable, the exception tolls the statute of limitations until the cause of action is discovered or might have been discovered by the exercise of diligence." One Star v. Sisters of St. Francis, 752 N.W.2d 668, 681 (S.D. 2008). Rindahl filed a lawsuit in state court[3] in 2014, and his complaint alleged that Dr. Mullin filed a "Falsified Medical Report . . . [and] failed to Screen, Diagnosis [sic], and forward a treatment program . . . related to the condition of the plaintiffs [sic] lung[.]" Doc. 79 at 5–6. "[F]raudulent concealment does not apply, even where a confidential relationship exists, if the plaintiff obtains 'knowledge of the basic operative facts.'" One Star, 752 N.W.2d at 682 (quoting Glad v. Gunderson, Farrar, Aldrich & DeMersseman, 378 N.W.2d 680, 683 (S.D. 1985)). Because Rindahl, according to a pleading he drafted in 2014, had knowledge of the lung condition Dr. Mullin allegedly failed to identify when interpreting the February 6, 2012, MRI, Rindahl's § 1983 claim against SFSH[4] arising out of the February 6, 2012, MRI is time-barred. Hoven v. Banner Assocs., 993 N.W.2d 562, 575 (S.D. 2023) ("Fraudulent concealment will not toll the statute of limitations, no matter the nature of the concealment, if a plaintiff is already on notice of a cause of action.").

Rindahl's state-law medical malpractice claim against SFSH arising out of the February 6, 2012, cervical MRI is also time-barred. The alleged malpractice occurred on February 6, 2012, and the medical malpractice statute of repose required that the action be commenced no later than February 6, 2014. Thus, SFSH is also entitled to summary judgment on Rindahl's state-law medical malpractice claim.

---

[3] Rindahl v. Luther, 49CV14-000188 (Minnehaha County).
[4] As SFSH notes in its reply brief, Dr. Mullin is not an employee of SFSH. Rather, he is a radiologist who practices with a group that contracts with SFSH to provide imaging services. Doc. 78 at 4; see also Doc. 81 ¶¶ 2, 3. This Court agrees that Rindahl's allegations against Dr. Mullin do not have any bearing on SFSH's motion for summary judgment. Nevertheless, the Court addresses Rindahl's arguments for the sake of completeness.

Rindahl asserts that an "alternative" statute of limitations, SDCL § 15-2-13, should apply. Doc. 100 at 3–4. This Court disagrees. SDCL § 15-2-13 specifically provides that "[e]xcept where, in special cases, a different limitation is prescribed by statute, the following civil actions . . . can be commenced only within six years after the cause of action shall have accrued[.]" A § 1983 claim is a "special case" in which "a different limitation is prescribed by statute." See Peterson ex rel. Peterson v. Burns, 635 N.W.2d 556, 567 (S.D. 2001) (recognizing that the general rule of statutory construction that a more specific statute governs a more general statute applies to Chapter 15-2).

Rindahl also claims that SDCL § 15-2-22 "creates a 5 year tolling" because he has been diagnosed with a mental illness. Doc. 100 at 4. Rindahl asserts that the attachments to his complaint establish that he has been diagnosed with a mental illness. Id. When reviewing the attachments to Rindahl's complaint, Doc. 1-1, this Court did not note any reference to a mental illness diagnosis. In support of his motion for appointment of counsel, Rindahl provided a portion of his father's declaration of trust which provides that any assets distributed to Rindahl shall be held in a special needs trust with Rindahl's sister serving as trustee. Doc. 3-1 at 2. That Rindahl's father chose to provide that any assets distributed to Rindahl be held in a special needs trust does not establish that Rindahl has been diagnosed with a mental illness. Further, even assuming that the three-year period to file a § 1983 claim is tolled because of an unidentified mental illness, Rindahl's § 1983 claim against SFSH is still time barred. The statute expressly provides that "[t]he period within which the action shall be brought cannot be extended more than five years by any disability except infancy[.]" SDCL § 15-2-22. This lawsuit was filed more than ten years after the only medical treatment Rindahl has ever received from SFSH. For these reasons, SFSH's motion for summary judgment, Doc. 54, is granted.

### B. Rindahl's Motion to Strike

Rindahl moves to strike one of the exhibits submitted in support of SFSH's motion for summary judgment. See Doc. 99. Specifically, Rindahl moves to strike Exhibit A to the Affidavit of Jacquelyn A. Bouwman in Support of Defendants SFSH's Motion for Summary Judgment. Id. The exhibit Rindahl moves to strike consists of two pages of a complaint Rindahl filed in an action he commenced in state court. Doc. 79 at 3, 5–6. To support his motion to strike, Rindahl cites a federal regulation defining a permissible medical opinion in a social security proceeding. Doc. 99 at 2 (citing 20 C.F.R. § 404.1527(a)). SFSH opposes Rindahl's motion to strike. See Doc. 106.

Federal Rule of Civil Procedure 12(f) provides that the "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." SFSH submitted an excerpt of Rindahl's state court complaint to establish that Rindahl had actual knowledge of any alleged "fraudulent concealment" in connection with the February 6, 2012, MRI performed at SFSH in 2014, when Rindahl commenced his state court lawsuit. Doc. 106 at 4. The exhibit Rindahl seeks to strike contains no redundant, immaterial, impertinent, or scandalous matter. Thus, Rindahl's motion to strike, Doc. 99, is denied.

### C. Rindahl's Motion for Sanctions

Rindahl moves for sanctions pursuant to Federal Rule of Civil Procedure 11(b) on the grounds that SFSH's counsel has allegedly submitted a fraudulent, altered, or falsified affidavit in support of SFSH's motion for summary judgment. See Doc. 103. Rindahl's motion does not clearly articulate why he asserts that one of the affidavits SFSH submitted in support of its motion for summary judgment is fraudulent, altered, or falsified, but he attached to his motion two copies of the February 6, 2012, MRI report Dr. Mullin signed. See Doc. 103-1. One report appears to be on letterhead from SFSH, and one report appears to be on letterhead from Center for Diagnostic

11

Imaging. Id. Notably, Dr. Mullin signed the report on behalf of Medical Screening Consultants, P.A. Id.

Rindahl has failed to comply with Rule 11, which requires the moving party provide notice and a 21-day safe harbor to correct any alleged violation. Fed. R. Civ. P. 11(c)(2); see also Kozlowski v. Pulmquist, 4:12-CV-04173-KES, 2016 WL 1255711, at *14 (D.S.D. Mar. 29, 2016) (noting that "failure to comply with Rule 11's procedural requirements is grounds for denial of the motion for sanctions"). Further, this Court has reviewed all the pleadings SFSH filed in support of its motion for summary judgment, including the affidavits and exhibits. None of the pleadings are fraudulent, altered, falsified, or in violation of Rule 11(b). Rindahl's motion for sanctions, Doc. 103, is denied.

## II. Analysis of Rindahl's Claims Against Dr. Myers

Dr. Myers argues that Rindahl's § 1983 claim for deliberate indifference to a serious medical need accrued in 2014 when Dr. Myers interpreted an x-ray of Rindahl's jaw. Doc. 73 at 5. Because the complaint was not filed until June 2022, the claim is time-barred. Id. In his opposition to Dr. Myers's motion to dismiss, Rindahl argues that fraudulent concealment tolls the applicable statutes of limitation. Doc. 86. Rindahl's argument is misplaced.

As discussed above, a decision from the District of South Dakota has recognized that because SDCL § 15-2-15.2 runs the three-year period from occurrence of the alleged constitutional deprivation, it is a statute of repose rather than a statute of limitations. Doe, 2021 WL 4268264, at *5. A statute of repose, as a matter of law, cannot be tolled for any reason, including fraudulent concealment. Pitt-Hart, 878 N.W.2d at 413. And even if SDCL § 15-2-15.2 is construed as a statute of limitations rather than a statute of repose, Rindahl misconstrues the elements of fraudulent concealment under South Dakota law. To assert fraudulent concealment as an

exception to the statute of limitations, Rindahl has the burden of proving that "(1) the defendant fraudulently concealed the cause of action from the plaintiff and (2) the plaintiff exercised due diligence to discover the cause of action." Hinkle v. Hargens, 81 N.W.2d 888, 891 (S.D. 1957). Rindahl does not contend that Dr. Myers attempted to conceal an Eighth Amendment claim for deliberate indifference to a serious medical need. Rather, Rindahl alleges Dr. Myers's radiology report incorrectly states that the injury was to Rindahl's "Right Profile" instead of his left jaw "to conceal the cause of the injuries[.]" Doc. 1 at 15. Regardless of the content of Dr. Myers's radiology report, Rindahl was aware at the time of the 2014 x-ray of the cause of his left jaw injury. Because Rindahl had "knowledge of the basic operative facts" at the time of the 2014 x-ray, his fraudulent concealment argument is misplaced. See One Star, 752 N.W.2d at 681. Rindahl's § 1983 claim against Dr. Myers arising out of the interpretation of a 2014 x-ray is time-barred.

Dr. Myers's alleged malpractice occurred on July 24, 2014, the date of his radiology report. Doc. 86 at 7. As set forth above, SDCL § 15-2-14.2 is a statute of repose that "will not be tolled for any reason." Pitt-Hart, 878 N.W.2d at 413 (citation omitted). Because this action was not commenced until 2022, Rindahl's state-law medical practice claim against Dr. Myers is time-barred. Dr. Myers's motion to dismiss, Doc. 72, is granted.

V.   **Analysis of Rindahl's Claims Against Dr. Mullin**

Rindahl's claims against Dr. Mullin arise out of a 2012 MRI from the "C1 to the Lumbar Area" that Dr. Mullin interpreted. Doc. 1 at 32. Rindahl also alleges that Dr. Mullin is related to a SD DOC employee, whom Rindahl does not identify, that gives rise to a conflict of interest under SDCL § 24-1-25. Id. Because of this alleged conflict of interest, Rindahl alleges that Dr. Mullin withheld the "condition of the Lung's – and adjoining scar tissue damage seen within the Front Area of the Lungs[.]" Id.

Dr. Mullin argues that Rindahl's § 1983 claim for deliberate indifference to a serious medical need accrued on February 6, 2012, the date of the cervical MRI. Doc. 112 at 5. Because the complaint was not filed until June 2022, the claim is time-barred. Id. In his opposition to Dr. Mullin's motion to dismiss, Rindahl argues that he is not alleging that Dr. Mullin is liable for "negligent conduct / and or indifference to his duties within conduction the MRI of the Cervical Spine[.]" Doc. 124 at 2.[5] Rather, Rindahl alleges that Dr. Mullin is liable for "Fraudulently Concealing of a condition gone undisclosed/undiagnosed to date – within the Respiratory System[.]" Id. Citing SDCL § 15-2-13(1), Rindahl also asserts that the applicable statute of limitations is six years, which was tolled and extended by five years in accordance with SDCL § 15-2-22 due to an alleged mental disability. Id. at 6–7. Because Rindahl contends that there is an "11 year Statute of Limitations[,]" he claims that this action against Dr. Mullin was timely commenced. Id. at 7.

Aa previously noted, fraudulent concealment is not an independent cause of action. Rodriguez, 2013 WL 684243, at *5 (stating that "[f]raudulent concealment is not a cause of action, but a mechanism to toll a statute of limitations" (citation omitted)). However, SDCL § 15-2-15.2 is a statute of repose rather than a statute of limitations. Doe, 2021 WL 4268264, at *5. A statute of repose, as a matter of law, cannot be tolled for any reason, including fraudulent concealment. Pitt-Hart, 878 N.W.2d at 413. Even if this Court construes SDCL § 15-2-15.2 as a statute of limitations, Rindahl's fraudulent concealment argument fails. In 2014, Rindahl filed a complaint in state court alleging that Dr. Mullin failed to diagnose a lung condition when interpreting the

---

[5] Rindahl's response to Dr. Mullin's motion to dismiss was not timely. Rindahl's response was due on August 7, 2023. D.S.D. Civ. LR 7.1(B). Rindahl's response was filed on September 15, 2023, more than a month after it was due. Nevertheless, the Court will consider the arguments set forth in Rindahl's response, which are very similar to the arguments he raises in opposition to SFSH's motion for summary judgment.

February 6, 2012, MRI.[6] Thus, Rindahl's § 1983 claim against Dr. Mullin arising out of the February 6, 2012, MRI is time-barred. Hoven, 993 N.W.2d at 575 ("Fraudulent concealment will not toll the statute of limitations, no matter the nature of the concealment, if a plaintiff is already on notice of a cause of action.").

Dr. Mullin's alleged malpractice occurred on February 6, 2012, the date of his radiology report. Doc. 103-1. SDCL § 15-2-14.2 is a statute of repose that "will not be tolled for any reason." Pitt-Hart, 878 N.W.2d at 413. Because this action was not commenced until 2022, Rindahl's state-law medical practice claim against Dr. Mullins is time-barred.

Rindahl has not brought an "action upon a contract, obligation, or liability" against Dr. Mullin. Thus, his argument that the applicable statute of limitations is SDCL § 15-2-13(1) fails. Further, when considering SFSH's motion for summary judgment, this Court outlined additional reasons for rejecting Rindahl's argument that SDCL § 15-2-13 applies in this action.

Finally, Rindahl provides no evidence to support his claim that he suffers from a mental disability. Even assuming that he does, however, this action is time-barred. SDCL § 15-2-22 expressly provides that "[t]he period within which the action shall be brought cannot be extended more than five years by any disability except infancy[.]" This lawsuit was filed on June 6, 2022, more than ten years after Dr. Mullin interpreted the February 6, 2012, MRI. For these reasons, Dr. Mullin's motion to dismiss, Doc. 111, is granted.

## CONCLUSION

For these reasons, it is

---

[6] Although Dr. Mullin filed a motion to dismiss, the Court may consider matters subject to judicial notice and matters of public record without converting a motion to dismiss into a motion for summary judgment. Waldner, 277 F.R.D. at 406.

ORDERED that the SFSH's motion for summary judgment, Doc. 54, is granted. It is further

ORDERED that Rindahl's motion to strike, Doc. 99, is denied. It is further

ORDERED that Rindahl's motion for sanctions, Doc. 103, is denied. It is further

ORDERED that Dr. Myers's motion to dismiss , Doc. 72, is granted. It is finally

ORDERED that Dr. Mullin's motion to dismiss, Doc. 111, is granted.

DATED this 25th day of March, 2024.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE