UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| RANDY LEE RINDAHL, <br><br> Plaintiff, <br><br> vs. <br><br> TIM REISCH, IN HIS INDIVIDUAL CAPACITY; DOUG CLARK, IN HIS INDIVIDUAL CAPACITY; DAN SULLIVAN, IN HIS INDIVIDUAL CAPACITY; TROY PONTO, DEPUTY WARDEN, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; JOHN BENTING, ASSOC. WARDEN, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY, C. ROTERT, EX-ASSOC. WARDEN / CCM, IN HIS OR HER INDIVIDUAL AND OFFICIAL CAPACITY; ELLIS, SECTION MANAGER, IN HIS OR HER INDIVIDUAL AND OFFICIAL CAPACITY; T. SCHNEIDER, SECTION MANAGER, IN HIS OR HER INDIVIDUAL AND OFFICIAL CAPACITY; M. JONES, DISCIPLINARY HEARING OFFICER, IN HIS OR HER INDIVIDUAL AND OFFICIAL CAPACITY; L. LENTER, RADIOLOGIST, IN HIS OR HER INDIVIDUAL AND OFFICIAL CAPACITY; B. RAU, RADIOLOGIST, IN HIS OR HER INDIVIDUAL AND OFFICIAL CAPACITY; D. FRITZ, RADIOLOGIST, IN HIS OR HER INDIVIDUAL AND OFFICIAL CAPACITY; S. WOODWARD, RADIOLOGIST, IN HIS OR HER INDIVIDUAL AND OFFICIAL CAPACITY; S. LOCKWOOD, RADIOLOGIST, IN HIS OR HER INDIVIDUAL AND OFFICIAL CAPACITY; BROZIK, MD, IN HIS OR HER INDIVIDUAL AND OFFICIAL CAPACITY; UNKNOWN MEDICAL PERSONNEL, IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES; AVERA MEDICAL GROUP; SURGICAL INSTITUTE OF SOUTH DAKOTA; | 4:22-CV-04073-RAL <br><br> OPINION AND ORDER GRANTING DR. BROZIK AND SURGICAL INSTITUTE OF SOUTH DAKOTA'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MISCELLANEOUS RELATED MOTIONS |

| |
|---|
| GTEL/GLOBAL TEL LINK CORPORATION; CENTER FOR DIAGNOSTIC IMAGING; KELLIE WASKO, IN HER OFFICIAL CAPACITY; SAMUEL YOST, IN HIS INDIVIDUAL CAPACITY; TERESA BITTINGER, IN HER OFFICIAL CAPACITY.<br><br>                    Defendants. |

Plaintiff Randy Lee Rindahl, an inmate at the South Dakota State Penitentiary (SDSP), filed this pro se lawsuit under 42 U.S.C. § 1983 and other federal statutes. Doc. 1. This Court screened Rindahl's complaint under 28 U.S.C. § 1915A, dismissing the complaint in part and directing service upon defendants in part. Doc. 12. Rindahl's Eighth Amendment deliberate indifference to serious medical needs claims against Dr. Brozik and Surgical Institute of South Dakota survived § 1915A screening. Id. at 55; Doc. 14 at 4. Rindahl's state-law medical malpractice claims against these defendants also survived § 1915A screening. Doc. 12 at 55–56; Doc. 14 at 4. Dr. Brozik and The Surgical Institute of South Dakota, P.C.[1] move for summary judgment. Doc. 154. Rindahl opposes the motion for summary judgment, Doc. 169. This Court for the reasons explained herein grants Dr. Brozik and The Surgical Institute of South Dakota, P.C.'s motion for summary judgment and Rindahl's related motions.

I.      **Factual Background**

Rindahl is incarcerated at the SDSP. Doc. 156 ¶ 1.[2] Defendant Michael Brozik is a medical doctor who received his medical degree from the University of South Dakota Sanford School of

---

[1] Rindahl's complaint names Surgical Institute of South Dakota as a defendant, but the correct name of the entity is The Surgical Institute of South Dakota, P.C. Doc. 34 at 3.

[2] Rindahl did not respond to Dr. Brozik and The Surgical Institute of South Dakota, P.C.'s Statement of Undisputed Material Facts, Doc. 156. Thus, all material facts set forth in the Statement of Undisputed Material Facts are deemed to be admitted. D.S.D. Civ. LR 56.1.D; see also Fed. R. Civ. P. 56(e)(2) (providing that the court can consider a fact undisputed when a party "fails to properly address another party's assertion of fact as required by Rule 56(c)"); Bunch v.

2

Medicine in 2011. Id. ¶ 2. Dr. Brozik completed a general surgery residency in 2016, and a surgical critical care fellowship in 2017. Id. Dr. Brozik is board certified in general surgery and surgical critical care and is a member of the American College of Surgeons and the Frederick Coller Surgical Society. Id. Dr. Brozik has practiced continuously with The Surgical Institute of South Dakota, P.C. ("SI") since joining the group in 2017. Id. ¶ 3. Because SI has an agreement with the South Dakota Department of Corrections, Dr. Brozik has treated inmates in the custody of the South Dakota Department of Corrections. Id. ¶ 4.

On November 10, 2021, Dr. Brozik saw Rindahl at SI for evaluation of a chronically draining abdominal wound. Id. ¶ 5. According to the record of the November 10, 2021, encounter, Rindahl has a history of multiple abdominal surgeries stemming from a gunshot wound in 1988. Id. Rindahl reported to Dr. Brozik that he had ongoing intermittent drainage from a punctate opening in his upper abdominal wall since 2014. Id. Rindahl also reported that Dr. Fullerton had evaluated him in 2019 for the same condition and concluded that the drainage was secondary to a chronic mesh infection. Id. According to Rindahl, Dr. Fullerton recommended against operative intervention. Id. Dr. Brozik reviewed a CT scan Rindahl had undergone in July 2021. Id. ¶ 6. The CT scan showed some inflammatory changes within subcutaneous tissues but no other obvious abnormalities. Id. However, the CT scan revealed that Rindahl's right rectus muscle appeared to have atrophied completely. Id.

---

Univ. of Ark. Bd. of Trs., 863 F.3d 1062, 1067 (8th Cir. 2017) (holding that a litigant's pro se status does not excuse him from following the district court's local rules); Johnson v. Kaemingk, 4:17-CV-04043-LLP, 2020 WL 1441713, at *1 (D.S.D. Mar. 23, 2020) (deeming facts admitted where a pro se plaintiff filed an opposition to a motion for summary judgment but did not comply with D.S.D. Civ. LR 56.1.B); Joe v. Walgreens Co/ILL, 4:09-CV-04144-RAL, 2010 WL 2595270, at *1 (D.S.D. June 23, 2010) (deeming facts admitted where a pro se nonmoving party did not submit a statement of material facts or directly respond to the moving party's statement of material facts).

Based on his examination of Rindahl and review of the July 2021 CT scan, Dr. Brozik concluded that if Rindahl had a chronic mesh infection, an exploratory laparotomy with mesh explantation was the only treatment option. Id. ¶ 7. But because of Rindahl's multiple previous abdominal surgeries and completely atrophied right rectus muscle, an exploratory laparotomy would be complicated and would likely result in a bowel injury, requiring resection. Id. The atrophied right rectus muscle would make achieving abdominal wall closure quite difficult. Id. In Dr. Brozik's opinion, an exploratory laparotomy would have a high likelihood of morbidity and would likely cause further wound problems for Rindahl, including a possible enterocutaneous fistula. Id. Dr. Brozik, therefore, advised Rindahl that he was not a surgical candidate and recommended that Rindahl continue to treat his chronically draining abdominal wound with local wound care. Id. ¶ 8.

Rindahl was scheduled to see Dr. Brozik on January 13, 2023, for the same issue. Id. ¶ 9. Rindahl (apparently for reasons outside of his control) did not timely present for this appointment, so Dr. Brozik did not evaluate him. Id.; see also Doc. 157-1. After Rindahl did not present for his scheduled appointment, Dr. Brozik, in a letter, advised the Department of Corrections that he did not need to see Rindahl again because Rindahl was not a surgical candidate. Doc. 156 ¶ 10. Dr. Brozik's letter explained why he did not believe that Rindahl was a surgical candidate and repeats what Dr. Brozik had informed Rindahl at the time of the November 21, 2021, evaluation. Doc. 157-2

## II.     Legal Analysis

### A.     Legal Standard

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is

entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). On summary judgment, the evidence is "viewed in the light most favorable to the nonmoving party." True v. Nebraska, 612 F.3d 676, 679 (8th Cir. 2010) (internal quotation omitted). There is a genuine issue of material fact if "a reasonable jury [could] return a verdict for either party" on a particular issue. Mayer v. Countrywide Home Loans, 647 F.3d 789, 791 (8th Cir. 2011). A party opposing a properly made and supported motion for summary judgment must cite to particular materials in the record supporting the assertion that a fact is genuinely disputed. Fed. R. Civ. P. 56(c)(1); Gacek v. Owens & Minor Distrib., Inc., 666 F.3d 1142, 1145 (8th Cir. 2012). "Mere allegations, unsupported by specific facts or evidence beyond the nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment." Thomas v. Corwin, 483 F.3d 516, 527 (8th Cir. 2007).

  **B.**   **Deliberate Indifference Claims**

    **1.**   **Surgical Institute**

SI seeks summary judgment on Rindahl's Eighth Amendment claim for deliberate indifference to serious medical needs because Rindahl has not alleged any SI policy or custom that caused an actionable injury under § 1983. Doc. 155 at 7–8. A corporate entity is "liable under § 1983 only when the entity itself is a 'moving force' behind the violation. That is, the entity's official 'policy or custom' must have 'caused' the constitutional violation . . . ." Clay v. Conlee, 815 F.2d 1164, 1170 (8th Cir. 1987). Neither Rindahl's complaint, Doc. 1 at 21–22, nor his response to Dr. Brozik and SI's motion for summary judgment, Doc. 169, identifies any allegedly unconstitutional SI policy or custom that caused him any harm. Rather, his claim against SI is based entirely upon Dr. Brozik's alleged deliberate indifference during his evaluation and treatment of Rindahl. Doc. 1 at 21–22. Because there is no respondeat superior liability under § 1983, SI is entitled to summary judgment on Rindahl's deliberate indifference to serious medical

needs claim. See Royster v. Nichols, 698 F.3d 681, 692 (8th Cir. 2012) (holding that § 1983 claim against a private security firm failed as a matter of law because "respondeat superior is inapplicable to claims under 42 U.S.C. § 1983") (internal quotation omitted); Savoie v. Martin, 673 F.3d 488, 494 (6th Cir. 2012) (stating that "every circuit to consider the issue has extended to private corporations as well the rule that a defendant cannot be held liable under section 1983 on a respondeat superior or vicarious liability basis") (internal quotation omitted).

### 2.    Dr. Brozik

According to Rindahl's complaint, Dr. Brozik "recanted his 1st Assessment/or need for Surgery - and advised the plaintiff that it would be best to affix bandages to the area[.]" Doc. 1 at 21. To succeed on his deliberate indifference claim against Dr. Brozik, Rindahl must show that (1) he suffered "an objectively serious medical need" and (2) that the "defendant actually knew of, but deliberately disregarded, such need." McRaven v. Sanders, 577 F.3d 974, 980 (8th Cir. 2009) (quoting Vaughn v. Gray, 557 F.3d 904, 908 (8th Cir. 2009)). "An objectively serious medical need is one that either has been diagnosed by a physician as requiring treatment, or is so obvious that even a 'layperson would easily recognize the necessity for a doctor's attention.'" Jones v. Minn. Dep't of Corr., 512 F.3d 478, 481 (8th Cir. 2008) (quoting Coleman v. Rahija, 114 F.3d 778, 784 (8th Cir. 1997)). Rindahl's chronically draining abdominal wound is an objectively serious medical condition, which satisfies the first part of the test for a deliberate indifference claim.

Rindahl's burden on the second element of deliberate indifference requires a showing that the defendant "deliberately disregarded" the serious medical need, which is a greater burden than showing mere negligence. McCaster v. Clausen, 684 F.3d 740, 746 (8th Cir. 2012) (citing Alberson v. Norris, 458 F.3d 762, 765 (8th Cir. 2006)). To satisfy the second element, Rindahl must demonstrate that Dr. Brozik "recognized that a substantial risk of harm existed *and* knew that [his]

6

conduct was inappropriate in light of that risk." Shipp v. Murphy, 9 F.4th 694, 703 (8th Cir. 2021) (quoting Letterman v. Does, 789 F.3d 856, 862 (8th Cir. 2015)). Rindahl must show that the Dr. Brozik's mental state was "akin to criminal recklessness." McCaster, 684 F.3d at 746 (internal quotation omitted). When evaluating whether a defendant displayed deliberate indifference to a plaintiff's serious medical needs, a court considers the defendant's "actions in light of the information [the defendant] possessed at the time, the practical limitations of [the defendant's] position[,] and alternative courses of action that would have been apparent to an official in that position." Letterman, 789 F.3d at 862 (quoting Gregoire v. Class, 236 F.3d 413, 419 (8th Cir. 2000)). Examples of "[d]eliberate indifference may include intentionally denying or delaying access to medical care, or intentionally interfering with treatment or medication that has been prescribed." Pietrafeso v. Lawrence Cnty., 452 F.3d 978, 983 (8th Cir. 2006) (quoting Vaughan v. Lacey, 49 F.3d 1344, 1346 (8th Cir. 1995)). "[M]ere disagreement with treatment decisions does not rise to the level of a constitutional violation." Langford v. Norris, 614 F.3d 445, 460 (8th Cir. 2010) (quoting Alberson v. Norris, 458 F.3d 762, 765 (8th Cir. 2006)).

Dr. Brozik is entitled to summary judgment because the undisputed facts do not establish that he disregarded Rindahl's serious medical needs. Based on the undisputed record evidence, Rindahl has failed to meet his burden of establishing any genuine issue of material fact. Rindahl's opposition to Dr. Brozik's motion for summary judgment relies only his bare allegations. See Docket 169. But a party opposing a properly supported motion for summary judgment "may not rest upon mere allegations or denials" in his or her pleading but "must set forth specific facts showing [the existence of] a genuine issue for trial." Gacek, 666 F.3d at 1145–46 (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986)); see also Mosley v. City of Northwoods, 415 F.3d 908, 910 (8th Cir. 2005) (stating that a nonmovant may not merely rely on allegations or

denials). Rindahl did not submit any affidavits, discovery responses, or provide any medical records[3] to substantiate his allegation that he "has had nearly over dozen new Wounds/Holes/adjoin [sic] stomach fevers – with continued drainage which had included what seemly was a brown bowel smell to it[.]" Doc. 169 at 2 n.7.

It is undisputed that Dr. Brozik evaluated Rindahl on November 10, 2021, and determined that he was not a surgical candidate. Doc. 156 ¶ 8. Dr. Brozik considered an exploratory laparotomy with mesh explantation but concluded that the procedure posed a high likelihood of morbidity and further wound problems, including possibly the creation of an enterocutaneous fistula. Id. ¶ 7. Rindahl's opposition completely ignores the undisputed medical evidence that the risks of surgical treatment outweighed the benefits. At best, Rindahl has established that he disagreed with Dr. Brozik's treatment recommendations, but a mere difference of opinion is insufficient as a matter of law to establish deliberate indifference. De Rossitte v. Correct Care Sols., LLC, 22 F.4th 796, 803 (8th Cir. 2022) ("De Rossitte's disagreement with their diagnosis, or lack thereof, does not establish a deliberate indifference claim"); Reid v. Griffin, 808 F.3d 1191, 1193 (8th Cir. 2015) ("In the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that [he] did not feel [he] received adequate treatment.") (internal citation omitted); Nelson v. Shuffman, 603 F.3d 439, 449 (8th Cir. 2010) (holding that a mere difference of opinion over matters of expert medical judgment or course of medical treatment do not amount to a constitutional violation).

---

[3] Rindahl asserts that he experienced a "continually degrading condition identified within the State of South Dakota – Department of Corrections Health Services Folder[,]" Doc. 169 at 8, but the Health Services folder is not part of the record.

8

Rindahl was scheduled to see Dr. Brozik on January 13, 2023, and Dr. Brozik's records indicate that Rindahl was a "no-show" for this appointment. Doc. 157-1. Rindahl alleges that a correctional officer transported him to SI for his appointment with Dr. Brozik, but they were advised that they were a half an hour late and would have to reschedule. Doc. 82 at 20–21. Subsequently, Dr. Brozik wrote a letter stating that "[t]he only definitive treatment remaining . . . is complete mesh removal. . . . Performing this definitive treatment would, in my opinion, be far more morbid than the drainage issue he is currently dealing with." Doc. 157-2. In his response to Dr. Brozik and SI's motion for summary judgment, Rindahl appears to argue that Dr. Brozik's refusal to see him on January 13, 2023, constitutes deliberate indifference. Doc. 169 at 9–10. But Rindahl has not submitted any evidence that his condition had substantially changed or that the risks of complete mesh removal surgery no longer outweighed the benefits. More significantly, however, Rindahl has not submitted any evidence that Dr. Brozik knew that his medical opinion was inappropriate in light of Rindahl's condition on January 13, 2023. For these reasons, Dr. Brozik is entitled to summary judgment on Rindahl's claim for deliberate indifference to his serious medical needs.

    C.    **State-Law Medical Malpractice Claims**

        1.    **Dr. Brozik**

To establish a claim for medical malpractice under South Dakota law, Rindahl must prove four elements: (1) a legal duty to act according to a recognized standard of care; (2) breach of the applicable standard of care; (3) an injury; and (4) a causal connection between the breach of the standard of care and the injury. Schrader v. Tjarks, 522 N.W.2d 205, 210 (S.D. 1984). South Dakota law requires expert testimony to prove a breach of the standard of care in providing medical treatment. Magbuhat v. Kovarik, 382 N.W.2d 43, 46 (S.D. 1986); Vearrier v. Karl, 4:06-CV-4188-

KES, 2009 WL 2524581, at *4 (D.S.D. Aug. 14, 2009). South Dakota law also requires expert testimony to establish a causal connection between the alleged breach of the standard of care and the claimed injury. Koeniguer v. Eckrich, 422 N.W.2d 600, 602 (S.D. 1988); Lohr v. Watson, 2 N.W.2d 6, 8 (S.D. 1942).

Here, Dr. Brozik has presented competent expert evidence that his treatment of Rindahl "including [his] refusal to perform an exploratory laparotomy due to [his] assessments of the risk it presented, met or exceeded the medical standard of care applicable to a general surgeon under these circumstances." Doc. 157 ¶ 12. To overcome Dr. Brozik's motion for summary judgment on his state-law medical malpractice claim, it was incumbent upon Rindahl to present competent medical testimony, by affidavit or otherwise, that Dr. Brozik breached the standard of care when he concluded that Rindahl was not a surgical candidate and recommended continuing local wound care rather than an exploratory laparotomy. Magbuhat, 382 N.W.2d at 46. Rindahl has not presented or cited to any competent evidence in opposition to Dr. Brozik's motion for summary judgment and certainly not any competent medical evidence. See generally Doc. 169. Dr. Brozik is entitled to summary judgment on Rindahl's state-law medical malpractice claim.

2. **Surgical Institute**

Rindahl's complaint does not allege any independent acts of negligence by SI. See generally Doc. 169. "[R]espondeat superior 'hold[s] an employer or principal liable for the employee's or agent's wrongful acts committed within the scope of the employment or agency.'" Hass v. Wentzlaff, 816 N.W.2d 96, 102–03 (S.D. 2012) (second alteration in original) (quoting Black's Law Dictionary 1426 (9th ed. 2009)). "The employer's liability is merely a derivative of the employee's." Cameron v. Osler, 930 N.W.2d 661, 663 (S.D. 2019). Because this Court has determined that Dr. Brozik, the employee, is not liable in negligence to Rindahl, it necessarily

follows that SI, the employer, cannot be vicariously liable in negligence to Rindahl. Thus, SI is entitled to summary judgment on Rindahl's state-law medical malpractice claim.

D.      **Rindahl's Motion for Evidentiary Hearing (Doc. 175)**

Rindahl requests that the Court schedule an evidentiary hearing on Dr. Brozik and SI's motion for summary judgment "to obtain the proper documents to which is not within the plaintiffs [sic] control[.]" Doc. 175 at 1. SI and Dr. Brozik oppose Rindahl's motion for an evidentiary hearing. Doc. 177. Rindahl does not specify what documents he seeks.

Federal Rule of Civil Procedure 56(d) does permit, in certain circumstances, a court to defer ruling on a motion for summary judgment if the non-moving party cannot present facts essential to justify its opposition. But Rindahl's motion falls short of Rule 56(d)'s requirements. Rindahl has not demonstrated "by affidavit or declaration that, for specified reasons, [he] cannot present facts essential to justify [his] opposition" to Dr. Brozik and SI's motion for summary judgment. Fed. R. Civ. P. 56(d). "It is not enough for a party to set forth some facts [he] hope[s] to elicit from further discovery." Anzaldua v. Ne. Ambulance & Fire Prot. Dist., 793 F.3d 822, 836–37 (8th Cir. 2015) (second alteration in original) (internal quotation omitted). In this case, Rindahl has not set forth any facts he hopes to elicit; he merely seeks to obtain unidentified "proper documents." "Rule 56(d) does not condone a fishing expedition where a plaintiff merely hopes to uncover some possible evidence of unlawful conduct." Johnson v. Moody, 903 F.3d 766, 772 (8th Cir. 2018) (internal quotation omitted). Rindahl's motion for evidentiary hearing, Doc. 175, is denied.

E.      **Rindahl's Motion for Sanctions (Doc. 209)**

Rindahl moves for Rule 11 sanctions against Dr. Brozik and SI. Doc. 209. Rindahl alleges that Dr. Brozik, SI, and their counsel "made False Statements" and "Falsif[ied] [] Medical Data"

11

in their motion for summary judgment, supporting brief, statement of undisputed material facts, and Dr. Brozik's affidavit. Id. According to Rindahl's medical record at SI, he was a "no show" for his January 13, 2023, appointment with Dr. Brozik. Docket 157-1. However, Rindahl contends that this entry is false. Rindahl presented late for the appointment and appears to argue that his medical record, Dr. Brozik's affidavit, and SI and Dr. Brozik's pleadings should have stated that he was not seen because he did not timely present for his appointment. Doc. 82 at 20–21.

Simply put, there is no dispute that Dr. Brozik did not see Rindahl on January 13, 2023, and for purposes of this motion, whether he was a "no show" or did not timely present is of no moment. There is no basis for sanctions against Dr. Brozik, SI, or their counsel. Rindahl's motion for sanctions, Doc. 209, is denied.

### III. Conclusion

For the reasons contained herein, it is

ORDERED that Dr. Brozik and The Surgical Institute of South Dakota, P.C.'s motion for summary judgment, Doc. 154, is granted. It is further

ORDERED that Rindahl's motion for evidentiary hearing, Doc. 175, is denied. It is finally

ORDERED that Rindahl's motion for sanctions, Doc. 209, is denied.

DATED this 16th day of September, 2024.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE