UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| RANDY LEE RINDAHL,<br><br>Plaintiff,<br><br>vs.<br><br>TIM REISCH, IN HIS INDIVIDUAL CAPACITY; DOUG CLARK, IN HIS INDIVIDUAL CAPACITY; DAN SULLIVAN, IN HIS INDIVIDUAL CAPACITY; TROY PONTO, DEPUTY WARDEN, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; JOHN BENTING, ASSOC. WARDEN, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; C. ROTERT, EX-ASSOC. WARDEN / CCM, IN HIS OR HER INDIVIDUAL AND OFFICIAL CAPACITY; ELLIS, SECTION MANAGER, IN HIS OR HER INDIVIDUAL AND OFFICIAL CAPACITY; T. SCHNEIDER, SECTION MANAGER, IN HIS OR HER INDIVIDUAL AND OFFICIAL CAPACITY; M. JONES, DISCIPLINARY HEARING OFFICER, IN HIS OR HER INDIVIDUAL AND OFFICIAL CAPACITY; UNKNOWN MEDICAL PERSONNEL, IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES; AVERA MEDICAL GROUP; GTEL/GLOBAL TEL LINK CORPORATION; CENTER FOR DIAGNOSTIC IMAGING; KELLIE WASKO, IN HER OFFICIAL CAPACITY; SAMUEL YOST, IN HIS INDIVIDUAL CAPACITY; TERESA BITTINGER, IN HER OFFICIAL CAPACITY.<br><br>Defendants. | 4:22-CV-04073-RAL<br><br><br>OPINION AND ORDER ON PLAINTIFF'S MISCELLANEOUS MOTIONS AND DEFENDANTS' MOTION TO STAY DISCOVERY |

Plaintiff Randy Lee Rindahl, an inmate at the South Dakota State Penitentiary (SDSP),

filed this pro se lawsuit under 42 U.S.C. § 1983 and other federal statutes. Doc. 1. This Court screened Rindahl's complaint under 28 U.S.C. § 1915A, dismissing the complaint in part and directing service upon defendants in part. Doc. 12. The State Defendants move to stay discovery. Doc. 219. Rindahl has filed numerous motions, including a motion for Rule 15 supplemental pleading, Doc. 210; a motion for reconsideration, Doc. 212; a motion to appoint an expert witness, Doc. 213; and a motion to compel, Doc. 225. This Court now considers these motions.

## I.    Plaintiff's Motion for Rule 15 Supplemental Pleading (Doc. 210)

Rindahl seeks leave to file a supplemental pleading as it relates to Global Tel Link Corporation (GTL) and South Dakota Department of Corrections (DOC) personnel. Doc. 210. Rindahl's proposed supplemental pleading is forty-one pages in length and appears to assert at least seventeen additional claims against various defendants, most of whom are not named defendants in this action. Doc. 210-1. Rindahl's new claims arise from various wholly unrelated events occurring at different times and raise numerous unrelated factual and legal issues. Simply put, it appears that Rindahl believes that because he has a pending lawsuit, he can "supplement" his complaint anytime during the pendency of the litigation to assert any claim that he believes to exist regardless of whether the proposed supplemental claim is related to his pending claims and regardless of whether the defendant or defendants are already parties to this lawsuit. Granting Rindahl unfettered leave to do so hinders the "just, speedy, and inexpensive determination" of the claims raised in his initial complaint, which have now been pending for more than two years.

To the extent Rindahl seeks to set forth additional factual allegations in support of his claims against GTL for insufficient notice of telephone rates under § 47 U.S.C. §§ 201, 203 and 47 C.F.R. §§ 64.2401, 64.6110 and his flat-rate billing claim against GTL under 47 C.F.R. § 64.6090, his motion is granted. GTL may, but is not required, respond to these additional factual

2

allegations, within **fourteen (14)** days. To the extent Rindahl seeks to assert any § 1983 claims against GTL, his motion is denied. This Court has determined that GTL is not a state actor. See Doc. 12 at 17. To the extent that Rindahl is attempting to assert claims against the SD DOC and SD DOC employees for alleged violations of 47 U.S.C. §§ 201, 203 and 47 C.F.R. §§ 64.2401, 64.6110, his motion is denied. The Federal Communications Act provides for a private cause of action against telecommunications providers, but the SD DOC and DOC employees are not telecommunication providers.

Rindahl also seeks to supplement his initial complaint to add allegations against certain DOC employees whom he contends violated DOC policies and, in turn, his First Amendment right to communicate with non-inmates. Any alleged violation of DOC policies is insufficient, as a matter of law, to give rise to a § 1983 claim. Gardner v. Howard, 109 F.3d 427, 430 (8th Cir. 1997) ("there is no § 1983 liability for violating prison policy"). Further, most of the allegations occurred prior to or just shortly after Rindahl filed his initial complaint. Rindahl does not identify why he waited two years to bring these allegations forward. Finally, because Rindahl's proposed supplemental pleading does not specifically state that he is suing the DOC employees in their individual capacities, see Doc. 230-1 at 5–14, this Court must consider his proposed supplemental claims against these defendants to be in their official capacities only. Kelly v. City of Omaha, 813 F.3d 1070, 1075 (8th Cir. 2016). As this Court has previously explained, the Eleventh Amendment precludes Rindahl from obtaining monetary damages against state employees sued in their official capacities. Doc. 12 at 24. But Rindahl's proposed supplemental pleading does not request injunctive relief against any of the state employees he is suing in their official capacities only. Thus, the proposed supplemental pleading fails to state a claim upon which can be granted against Wasko, Clark, Sullivan, Ponto, Rotert, M. Jones, Schneider, Nyreen, Yost, Mills, Bittenger,

Hettich, and Maturan for an alleged violation of his First Amendment right to communicate with non-inmates.

Rindahl's proposed supplemental complaint alleges a violation of 47 U.S.C. § 534. Doc. 230-1 at 14–17, 38–40. According to Rindahl, this statute requires that all Americans have access to free television programming. Id. at 15. Regardless of whether Rindahl has correctly construed 47 U.S.C. § 534, a private cause of action does not lie for violating this statute. See Adell Broad. Corp. v. Cablevision Indus., 854 F. Supp. 1280, 1288–90 (E.D. Mich. 1994). To the extent Rindahl seeks to supplement his initial complaint to allege a violation of 47 U.S.C. § 534, his motion is denied because the proposed supplemental complaint is futile[1].

Rindahl's proposed supplemental pleading alleges various claims for deliberate indifference to his serious medical needs. Doc. 230-1 at 17–18 (breaking out in a cold sweat); id. at 18–19 (withholding his "Nitro" pills); id. at 19–20 (requiring him to purchase pain and cold medicine from the commissary); id. at 22–25 (failing to treat his ischemic brain disease in 2023 and 2024); id. at 31–32 (alleged delay in removing his thyroid). Rindahl's motion to assert additional deliberate indifference to serious medical needs claims is denied. Whether to grant leave to file a supplemental pleading is left to the sound discretion of the trial court, and such decision will not be disturbed on appeal absent an abuse of discretion. Minn. Mining & Mfg. Co.

---

[1] It appears Rindahl also contends that he was unable to submit grievances alleging that there was an ongoing violation of 47 U.S.C. § 534. Doc. 210-1 at 36–37. As a result, Rindahl alleges he sustained an actual injury that gives rise to a violation of his First Amendment right to access the courts. Id. at 37. Because Rindahl has no legal right to assert a claim for an alleged violation of 47 U.S.C. § 534, it necessarily follows that he, as a matter of law, cannot assert a denial of right to access the courts to raise such a claim. Further, an inmate's First Amendment right to access the court does not extend to claims alleging violations federal statutes regulations governing telecommunication providers. See Schrier v. Halford, 60 F.3d 1309, 1313 (8th Cir. 1995) (holding that "prisoners do not have a constitutional right to receive affirmative assistance from prison authorities . . . to pursue or defend legal actions other than those conforming to the principles recognized in Bounds").

v. Superior Insulating Tape Co., 284 F.2d 478, 481 (8th Cir. 1960). Rindahl's proposed additional deliberate indifference claims are unrelated to his pending deliberate indifference claims. The claims relate to different medical conditions, different time periods, and involve different defendants. Rindahl's motion does not allege that the "new" claims involve the same transaction, occurrence, or series of transactions or occurrences or that there is a common question of law or fact as required to join multiple defendants in a single action. See Fed. R. Civ. P. 20(a)(2).

Although Rindahl's initial complaint and his proposed Rule 15 supplemental pleading, Doc. 210-1, both challenge his conditions of confinement, "related subject matter alone is insufficient to satisfy Rule 20. If the claims do not arise from the same transaction or occurrence, plaintiffs must file each claim in a separate action and comply with the filing restrictions[.]" Lundahl v. JP Morgan Chase Bank, 5:17-CV-05069-LLP, 2018 WL 6727071, at *3 (D.S.D. Dec. 21, 2018); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this 50-claim, 24-defendant suit produced but also to ensure that prisoners pay the required filing fees—for the [PLRA] limits to 3 the number of frivolous suits or appeals that any prisoner may pay without prepayment of the required fees."); Bradford v. Ogbuehi, 2021 WL 2188130, at *4 (E.D. Cal. May 28, 2021) (denying prisoner's motion to supplement, finding "judicial economy will not be served by allowing supplementation here. Rather, these unrelated claims against new and different defendants belong in a different lawsuit."). For these reasons, Rindahl's motion for leave to assert additional claims for deliberate indifference to serious medicals is denied.

Rindahl's proposed supplemental complaint seeks to re-allege claims that did not survive screening. See Doc. 230-1 at 29–30 (dismissed by Doc. 12 at 47–48); Doc 230-1 at 35 (dismissed

by Doc. 12 at 46). Rindahl's motion for leave to re-allege claims that this Court dismissed on screening is denied.

Rindahl's proposed supplemental complaint also includes one claim this is essentially the same as a claim set forth in his first supplemental complaint. Compare Doc. 230-1 at 33–34 with Doc. 9 at 4–6. Rindahl's motion for leave to re-allege a claim that he has already asserted is denied.

Finally, Rindahl seeks to assert a denial of access to the courts claim because he allegedly has been denied access to the law library to prepare pleadings in this case. Doc. 210-1 at 25–27. Rindahl's motion for leave to assert this denial of access to the courts claim is denied because the claim is futile. "The state has no obligation to 'enable the prisoners . . . to *litigate effectively* once in court." White v. Kautzky, 494 F.3d 677, 680 (8th Cir. 2007) (quoting Lewis v. Casey, 518 U.S. 343, 354 (1996)). Further, Rindahl does not allege that his inability to access the law library on isolated occasions during the pendency of this lawsuit has in fact caused any actual injury. See generally Doc. 210-1 at 25–27; see also White, 494 F.3d at 680 (recognizing that a prisoner alleging denial of access to the courts must establish an actual injury). His lawsuit remains pending, and while this Court has dismissed on the merits Rindahl's claims against some defendants, see Docs. 193, 239, this Court has not dismissed any of Rindahl's claims in this lawsuit as a sanction because Rindahl's opposition pleadings were untimely. Thus, Rindahl's motion for leave to assert a denial of access to the courts claim is denied because the claim is futile.

In summary, to the extent Rindahl seeks to set forth additional factual allegations in support of his claims against GTL for insufficient notice of telephone rates under § 47 U.S.C. §§ 201, 203 and 47 C.F.R. §§ 64.2401, 64.6110 and his flat-rate billing claim against GTL under 47 C.F.R.

§ 64.6090, his motion for Rule 15 supplemental pleading, Doc. 210, is granted in part. Otherwise, his motion is denied for the above reasons.

## II.    Plaintiff's Motion for Reconsideration or to Set Aside Prior Judgment (Doc. 212)

Rindahl's Eighth Amendment deliberate indifference to serious medical needs claims against Sioux Falls Specialty Hospital (SFSH), Dr. Myers, and Dr. Mullin survived § 1915A screening. Doc. 12 at 55. Rindahl's state-law medical practice claims against these defendants also survived § 1915A screening. Id. at 55–56. This Court granted SFSH's motion for summary judgment because Rindahl's claims against SFSH are barred by the applicable statutes of limitations. Doc. 193 at 7–10, 16. This Court also granted Dr. Myers's and Dr. Mullins's Rule 12(b)(6) motions to dismiss because Rindahl's claims against these defendants are time barred. Id. at 12–16. Rindahl moves for reconsideration or, in the alternative, to set aside this Court's prior judgment. Doc. 212. SFSH, as well as Dr. Myers and Dr. Mullin, oppose Rindahl's motion. Doc. 217 (SFSH); Doc. 232 (Dr. Myers and Dr. Mullin).

"A motion for reconsideration is not described in the Federal Rules of Civil Procedure, but such a motion is typically construed either as a Rule 59(e) motion to alter or amend the judgment or as Rule 60(b) motion for relief from judgment." Auto Servs. Co. v. KPMG, LLP, 537 F.3d 853, 855 (8th Cir. 2008) (internal quotation omitted). In his motion, Rindahl argues that he is entitled to relief under Federal Rule of Civil Procedure 60(b)(1) and (b)(6). Doc. 212. Federal Rule of Civil Procedure 60(b) provides that "[o]n motion and just terms, the court may relieve a party . . . from a[n] . . . order" for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged;

7

it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "A district court should grant a Rule 60(b) motion only upon an adequate showing of exceptional circumstances." Richards v. Aramark Servs., Inc., 108 F.3d 925, 927 (8th Cir. 1997) (internal quotation omitted). A district court has "wide discretion" in ruling on a Rule 60(b)(6) motion. Jones v. Swanson, 512 F.3d 1045, 1048 (8th Cir. 2008).

Rindahl argues that the Court erred by not finding that his claims were tolled under SDCL § 15-2-22(2). Doc. 212. When the Court dismissed Rindahl's claims against SFSH, Dr. Myers, and Dr. Mullins, the Court considered and rejected Rindahl's assertion that his claims were not time barred because they are tolled under SDCL § 15-2-22(2). See Doc. 193 at 10, 15. In support of his motion, Rindahl cites Lewis v. Rendell, 501 F. Supp. 2d 671 (E.D. Pa. 2007) and contends that a special needs trust is a discretionary trust established for the benefit of a person with a severe and chronic or persistent disability. Doc. 212 at 3 n.1. In Lewis, the court considered whether a Pennsylvania statute outlining the requirements for a special needs trust is unconstitutional and violative of the Medicaid Aid. 501 F. Supp. 2d at 676–77. Lewis does not stand for the proposition that a beneficiary of a special needs trust, as a matter of law, has a mental illness that tolls a state statute of limitation. Further, the special needs trust on which Rindahl relies to support his tolling argument was established on September 22, 2015, Doc. 3-1 at 2, which is *after* the medical care in issue provided by SFSH, Dr. Myers, and Dr. Mullins. See SDCL § 15-2-23 ("No person can avail himself of a disability unless it existed when his right of action accrued."). There is no evidence in that record to support Rindahl's assertion that he had a mental illness at the time of the medical care in issue that tolls the applicable limitation periods pursuant to SDCL § 15-2-22(2).[2] Finally,

---

[2] In addition to a portion of his father's Article of Trust and Living Will, which Rindahl submitted in support of his motion for appointment of counsel, Rindahl alleges other reasons in

Rindahl's motion to reconsider urges the Court to ignore a portion of SDCL § 15-2-22 and, in effect, hold that if an individual has been diagnosed with a mental illness, the time for the commencement of an action is, in all cases, extended until one year after the disability ceases. SDCL § 15-2-22 expressly provides that "[t]he period within which the action shall be brought cannot be extended more than five years by any disability except infancy[.]" This Court must interpret SDCL § 15-2-22 to give effect to all its provisions. City of Sioux Falls v. Kelley, 513 N.W.2d 97, 110 (S.D. 1994) ("It is a fundamental rule of statutory construction that all provisions in a statute must be given effect, if possible.") (internal citation omitted). Accordingly, Rindahl's motion for reconsideration or, in the alternative, to set aside a prior judgment under Rule 60(b)(1) and (b)(6), Doc. 212, is denied.

### III.    Motion to Appoint Expert (Doc. 213)

Rindahl's moves for a court-appointed expert pursuant to Federal Rule of Evidence 706 to address his allegations of falsification of medical data. Doc. 213. Rindahl's motion is denied for two reasons. First, this Court has dismissed Rindahl's claims against the medical defendants. See Docs. 193, 237, 239. Second, even if these claims had not been dismissed, Rindahl did not allege any claims for which this Court requires a neutral, court-appointed expert to resolve. Rindahl's motion appears to be an attempt to secure expert medical testimony to overcome the medical defendants' motions for summary judgment. But Federal Rule of Evidence 706 does not permit this Court to appoint an expert to advocate for a pro se litigant. Dale v. Dooley, 4:14-CV-04003-LLP, 2015 WL 224969, at *4 (D.S.D. Jan. 15, 2015).

---

his motion to reconsider that this Court should find that he has a severe mental illness. Doc. 212 at 3 n.1. But Rindahl has submitted no evidence to support these allegations.

## IV.    Defendants' Motion to Stay (Doc. 219)

Defendants Tim Reisch, Doug Clark, Dan Sullivan, Troy Ponto, John Benting, Chad Rotert, Troy Ellis, Tim Schneider, Meredith Jones, Kellie Wasko, Samuel Yost, and Teresa Bittinger[3] (collectively "State Defendants") move for an order staying discovery until the question of the applicability of the doctrine of qualified immunity is resolved by the Court.[4]  Doc. 219. Rindahl has not responded to the motion to stay discovery, and his time for doing so has expired.

"Qualified immunity is an immunity from suit, not simply from liability[,]" and protects governmental officials from discovery.  Janis v. Biesheuvel, 428 F.3d 795, 800 (8th Cir. 2005) (citing Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)).  "Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery."  Mitchell, 472 U.S. at 526 (citing Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).  Because the State Defendants have alleged that they are entitled to qualified immunity, see Doc. 195 ¶ 24, their motion to stay discovery, Doc. 219, pending resolution of the qualified immunity issue is granted.  The State Defendants must file their motion for qualified immunity within **sixty (60)** days of the filing of this order.

## V.    Plaintiff's Motion to Compel (Doc. 225)

Rindahl moves for an order compelling GTL to respond to his request for discovery.  Doc. 225.  GTL opposes Rindahl's motion to compel.  Doc. 228.  After GTL served its answer, Rindahl

---

[3] Rindahl brings claims against Teresa Bittinger, the Warden at the SDSP, in her official capacity.  Bittinger is no longer the Warden at the SDSP.  Under Federal Rule of Civil Procedure 25(d), "[a]n action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending.  The officer's successor is automatically substituted as a party."  Amber Pirraglia, the acting Warden at the SDSP, is automatically substituted for Bittinger on the official capacity claims.  See id.

[4] After the motion to stay discovery was filed, this Court granted Rindahl's motion to dismiss his claims against some of the Defendants identified in the motion.  Doc. 236 at 6.

moved to stay his claims against GTL and to compel arbitration in accordance with an arbitration provision in GTL's user agreement.  Doc. 146.  Rindahl served the discovery requests that are in issue in his motion to compel when his motion to stay and compel arbitration was pending.  See Doc. 225-1.  Thus, GTL moved for a protective order seeking to stay discovery while Rindahl's motion to stay and to compel arbitration was pending.  Doc. 221.  Rindahl withdrew his motion to stay and to compel arbitration, and GTL, in turn, withdrew its motion for protective order.  Docs. 224, 227.  Rindahl filed this motion to compel at the same time he withdrew his motion to stay and to compel arbitration.  See Docs. 224, 225.  GTL withdrew its motion for protective order, Doc. 227, and indicated that it intends to promptly respond to Rindahl's discovery requests, Doc. 228 at 1.  Thus, Rindahl's motion to compel, Doc. 225, is denied without prejudice as premature.

## VI.    Conclusion

Accordingly, for these reasons, it is

ORDERED that Rindahl's motion for Rule 15 supplemental pleading, Doc. 210, is granted in part and denied in part.  It is granted to the extent that Rindahl seeks to set forth additional factual allegations in support of his claims against GTL for insufficient notice of telephone rates under § 47 U.S.C. §§ 201, 203 and 47 C.F.R. §§ 64.2401, 64.6110 and his flat-rate billing claim against GTL under 47 C.F.R. § 64.6090.  Otherwise, the motion is denied.  It is further

ORDERED that Rindahl's motion for reconsideration, Doc. 212, is denied.  It is further

ORDERED that Rindahl's motion to appoint expert, Doc. 213, is denied.  It is further

ORDERED that the State Defendants' motion to stay discovery, Doc. 219, pending resolution of the qualified immunity issue is granted.  The State Defendants must file their motion for qualified immunity within **sixty (60)** days of the filing of this order.  It is further

ORDERED that Rindahl's motion to compel, Doc. 225, is denied without prejudice.  It is finally

ORDERED that Amber Pirraglia, in her official capacity, is substituted pursuant to Fed. R. Civ. P. 25(d), for Teresa Bittinger on the official capacity claims.

DATED this 31st day of October, 2024.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE

12