UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| RANDY LEE RINDAHL,<br><br>Plaintiff,<br><br><br>vs.<br><br>TIM REISCH, IN HIS INDIVIDUAL<br>CAPACITY; DOUG CLARK, IN HIS<br>INDIVIDUAL CAPACITY; DAN SULLIVAN,<br>IN HIS INDIVIDUAL CAPACITY; TROY<br>PONTO, DEPUTY WARDEN, IN HIS<br>INDIVIDUAL AND OFFICIAL CAPACITY;<br>JOHN BENTING, ASSOC. WARDEN, IN HIS<br>INDIVIDUAL AND OFFICIAL CAPACITY;<br>C. ROTERT, EX-ASSOC. WARDEN / CCM,<br>IN HIS OR HER INDIVIDUAL AND<br>OFFICIAL CAPACITY; ELLIS, SECTION<br>MANAGER, IN HIS OR HER INDIVIDUAL<br>AND OFFICIAL CAPACITY; T. SCHNEIDER,<br>SECTION MANAGER, IN HIS OR HER<br>INDIVIDUAL AND OFFICIAL CAPACITY;<br>M. JONES, DISCIPLINARY HEARING<br>OFFICER, IN HIS OR HER INDIVIDUAL<br>AND OFFICIAL CAPACITY; GTEL/GLOBAL<br>TEL LINK CORPORATION; CENTER FOR<br>DIAGNOSTIC IMAGING; KELLIE WASKO,<br>IN HER OFFICIAL CAPACITY; SAMUEL<br>YOST, IN HIS INDIVIDUAL CAPACITY;<br>AND AMBER PIRRAGLIA, IN HER<br>OFFICIAL CAPACITY.<br><br>Defendants. | 4:22-CV-04073-RAL<br><br><br><br>OPINION AND ORDER DENYING<br>PLAINTIFF'S MOTION FOR LEAVE TO<br>FILE EMERGENCY SUPPLEMENTAL<br>PLEADING |

Plaintiff Randy Lee Rindahl, an inmate at the South Dakota State Penitentiary (SDSP),

filed this pro se lawsuit under 42 U.S.C. § 1983 and other federal statutes. Doc. 1. This Court

screened Rindahl's complaint under 28 U.S.C. § 1915A, dismissing the complaint in part and

directing service upon defendants in part. Doc. 12. Rindahl's Eighth Amendment deliberate indifference to serious medical needs claims against Dr. Brozik and The Surgical Institute of South Dakota, P.C. survived § 1915A screening. Id. at 55; Doc. 14 at 4. Rindahl's Eighth Amendment deliberate indifference to serious medical needs claims against Avera Medical Group, Dr. Leslie Lenter, Dr. Daniel Fritz, Dr. Suzanne Woodward, Dr. Scott Lockwood, and Dr. Brian Rau (collectively "AMG Defendants") also survived § 1915A screening. Doc. 12 at 55. Finally, Rindahl's state-law medical malpractice claims against these defendants survived § 1915A screening. Id. at 55–56; Doc. 14 at 4.

This Court later granted the AMG Defendants' and Dr. Brozik and Surgical Institute's motions for summary judgment. Docs. 237, 238, 239, 240. Rindahl filed a notice of appeal from the summary judgments entered in favor of the AMG Defendants and Dr. Brozik and Surgical Institute, but the United States Court of Appeals for the Eighth Circuit dismissed Rindahl's appeal for failure to prosecute. Docs. 241, 248. When Rindahl filed the notice of appeal, his motion for leave to file an emergency[1] supplemental pleading was pending. Doc. 230. The AMG Defendants, Dr. Brozik and Surgical Institute, and the State Defendants oppose Rindahl's motion. Docs. 233, 234, 235. The Court now considers this motion.

## I.    Discussion

It is not clear whether Rindahl's proposed supplemental pleading is an additional pleading opposing the motions for summary judgment filed by the AMG Defendants and Dr. Brozik and Surgical Institute, a proposed amended complaint seeking to join additional defendants and assert new claims against the additional defendants, or some combination of both. See Doc. 230-1.

---

[1] Rindahl's motion does not explain why it is labeled as an "emergency" motion. See Doc. 230.

Regardless of how this Court construes Rindahl's motion for leave to file an emergency supplemental pleading, it is denied for the following reasons.

### A.     Rindahl's Motion Was Filed After His Deadline for Responding to the Motions for Summary Judgment Had Expired and Do Not Affect the Prior Ruling

Rindahl's deadline for responding to the AMG Defendants' motion for summary judgment, Doc. 133, was December 1, 2023. Doc. 149 at 3. Rindahl's deadline for responding to Dr. Brozik and Surgical Institute's motion for summary judgment, Doc. 154, was January 30, 2024. Doc. 168 at 3. Rindahl's motion for leave to file an emergency supplemental pleading was filed on August 20, 2024. Doc. 230. Neither Rindahl's motion nor his proposed supplemental pleading identifies any good cause or excusable neglect that might be a basis for extending Rindahl's time to respond to the pending motions for summary judgment months after his deadline for doing so had expired. See generally Docs. 230, 230-1.

Further, even if the Court considers Rindahl's untimely arguments, the arguments are insufficient, as a matter of law, to oppose the medical defendants' properly supported motions for summary judgment. Rindahl argues some imaging studies he has undergone demonstrate that some of the medical defendants were deliberately indifferent to a cervical spine and a lung condition. See Doc. 230-1 at 13–14. But Rindahl's arguments are based entirely on his lay interpretation of imaging studies. Id. Rindahl does not cite to any radiology report, medical record, or competent expert testimony to support his arguments. Rindahl's lay opinions are insufficient to refute the medical defendants' radiology experts' affidavits. See Docs. 137, 141, 142, 162.

## B.    Rindahl's Proposed Supplemental Claims

In his proposed supplemental pleading, Rindahl seeks to add claims against Bittinger[2] and Dr. Lenter arising of out imaging studies performed in 2024 related to a thyroid removal procedure. See Doc. 230-1 at 11, 13–14. He also seeks to add new defendants: A. Haynes, Medical Director; M. Rector, General Medical Provider; Unknown SDSP Medical Personnel; Avera St. Luke's Hospital Administrators; and Unknown Avera McKennan Hospital Personnel. Id. at 11–16. Rindahl seems to allege that the proposed new defendants were deliberately indifferent to his serious medical needs during treatment provided in 2024, including allegedly withholding medication and mismanaging his glucose levels. Id. Whether to grant leave to file a supplemental pleading is left to the sound discretion of the trial court, and such decision will not be disturbed on appeal absent an abuse of discretion. Minn. Mining & Mfg. Co. v. Superior Insulating Tape Co., 284 F.2d 478, 481 (8th Cir. 1960). Rindahl's proposed additional claims are unrelated to any of his pending claims. Because this case has been pending for more than two years and this Court has set a deadline of December 30, 2024, for the State Defendants to file a motion for summary judgment on their qualified immunity defense, Doc. 247 at 10, it is not in the interests of judicial economy to permit Rindahl to assert additional claims against the State Defendants or to add additional defendants alleging claims based on recent alleged denial of medical care. If Rindahl believes that he has viable claims against those not joined as defendants here, he can file a separate

---

[2] Rindahl's proposed supplemental complaint alleges that Bittinger violated his First and Fourteenth Amendment rights to have his grievance heard within the time period mandated by DOC policy. Doc. 230-1 at 11. Bittinger is the former Warden of the SDSP and was a defendant in her official capacity only. Amber Pirraglia, the acting Warden of the SDSP, has been substituted for Bittinger. Doc. 247 at 10 n.3. As this Court noted in its initial screening order, a prison grievance policy does not give rise to a protected liberty interest implicating procedural protections required by the Fourteenth Amendment. Doc. 12 at 52. Rindahl's allegation that the Warden did not timely process or respond to his grievance is not actionable under § 1983, and his proposed supplemental complaint alleging this claim is futile.

complaint in a new case. For these reasons, Rindahl's Motion for Leave to File Emergency Supplemental Pleading, Doc. 230, is denied.

### C.    State Defendants' Motion to Strike

Rindahl's complaint included claims against Doug Clark, the former Warden of the SDSP, in his individual and official capacity. See Doc. 1 at 1; Doc. 6 at 1–2. When this Court screened Rindahl's complaint, Dan Sullivan, who was the Warden of the SDSP, was automatically substituted for Clark on Rindahl's official capacity claims in accordance with Federal Rule of Civil Procedure 25(d). See Doc. 12 at 12 n.7. Subsequently, Teresa Bittinger, Sullivan's successor, was substituted for Sullivan on Rindahl's official capacity claims. Doc. 184 at 2 n.1. In their response to Rindahl's request for leave to file an emergency supplemental pleading, the State Defendants move to strike paragraph 14 of their answer, Doc. 195, because Bittinger was not named as a defendant in Rindahl's complaint and has not been served. Doc. 234 at 5–6.

Although Bittinger was not originally named as a defendant, when the State Defendants filed their answer, Bittinger had been substituted for Sullivan on Rindahl's official capacity claims. Bittinger has not been individually served, but "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) (citing Brandon v. Holt, 469 U.S. 464, 471 (1985)). Because Bittinger's predecessor, Sullivan, was properly served, Doc. 25 at 19–21, there was no need to serve her to substitute her as the defendant on Rindahl's official capacity claims against the SDSP Warden. The State Defendants' motion to strike paragraph 14 of their answer, Doc. 234 at 5–6, is denied.

## II.    Conclusion

Accordingly, it is

ORDERED that Rindahl's motion for leave to file an emergency supplemental pleading, Doc. 230, is denied. It is further

ORDERED that the State Defendants' motion to strike paragraph 14 of their answer, Doc. 234 at 5–6, is denied.

DATED this 17th day of December, 2024.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE