UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| RANDY LEE RINDAHL,<br><br>Plaintiff,<br><br>vs.<br><br>TIM REISCH, IN HIS INDIVIDUAL CAPACITY; DOUG CLARK, IN HIS INDIVIDUAL CAPACITY; DAN SULLIVAN, IN HIS INDIVIDUAL CAPACITY; TROY PONTO, DEPUTY WARDEN, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; JOHN BENTING, ASSOC. WARDEN, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; C. ROTERT, EX-ASSOC. WARDEN / CCM, IN HIS OR HER INDIVIDUAL AND OFFICIAL CAPACITY; ELLIS, SECTION MANAGER, IN HIS OR HER INDIVIDUAL AND OFFICIAL CAPACITY; T. SCHNEIDER, SECTION MANAGER, IN HIS OR HER INDIVIDUAL AND OFFICIAL CAPACITY; M. JONES, DISCIPLINARY HEARING OFFICER, IN HIS OR HER INDIVIDUAL AND OFFICIAL CAPACITY; GTEL/GLOBAL TEL LINK CORPORATION; CENTER FOR DIAGNOSTIC IMAGING; KELLIE WASKO, IN HER OFFICIAL CAPACITY; SAMUEL YOST, IN HIS INDIVIDUAL CAPACITY; AND AMBER PIRRAGLIA, IN HER OFFICIAL CAPACITY.<br>                 Defendants. | 4:22-CV-04073-RAL<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO EXTEND AND DENYING PLAINTIFF'S RULE 56(d) MOTION AND MOTION TO WAIVE LOCAL RULES |

Plaintiff Randy Lee Rindahl, an inmate at the South Dakota State Penitentiary (SDSP), filed this pro se lawsuit under 42 U.S.C. § 1983 and other federal statutes. Doc. 1. This Court screened Rindahl's complaint under 28 U.S.C. § 1915A, dismissing the complaint in part and

1

directing service upon defendants in part. Doc. 12. Defendants Tim Reisch, Doug Clark, Dan Sullivan, Troy Ponto, John Benting, Chad Rotert, Troy Ellis, Tim Schneider, Meredith Jones, Kellie Wasko, Samuel Yost, and Amber Pirraglia (collectively "State Defendants") move for summary judgment.[1] Doc. 260. Rindahl moves to extend his deadline for responding to the State Defendants' motion for summary. Doc. 266. Rindahl also requests that he be permitted to conduct discovery before responding to the State Defendants' motion for summary judgment. Doc. 268. Finally, Rindahl requests that the Court excuse him from complying with the District of South Dakota's Civil Local Rules of Practice when responding to the State Defendants' motion for discovery. Doc. 271.

## I. Rule 56(d) Motion

Rindahl requests that the Court permit him to conduct discovery before considering the State Defendants' motion for summary judgment. Doc. 268. Rindahl filed "Modified Discovery" along with his Rule 56(d) motion. Doc. 269. The State Defendants moved for an order staying discovery until the question of the applicability of the doctrine of qualified is resolved by the Court. Doc. 219. Rindahl did not respond to the motion to stay discovery, and this Court granted the State Defendants' motion to stay discovery and directed that they file their motion for qualified immunity within sixty days. Doc. 247 at 10. See also Doc. 254 (granting the State Defendants' motion for a fourteen-day extension of time). Because this Court granted the State Defendants' motion to stay discovery, the State Defendants do not have to respond to Rindahl's "Modified Discovery" before the Court rules on their motion for qualified immunity.

Even if this Court had not stayed discovery, Rindahl is not entitled to relief under Rule 56(d). Rule 56(d) provides that when a nonmovant shows by affidavit or declaration and for

---

[1] Defendant GTEL/Globel Tel Link Corporation has not moved for summary judgment.

2

specified reasons that he is unable to present facts essential to justify opposition to a motion for summary judgment, the court may "(1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). Rindahl has not complied with Rule 56(d)'s affidavit or declaration requirement. "[A] Rule 56(d) declaration must comply with [28 U.S.C.] § 1746, including the requirements that the affidavit or declaration (1) be sworn under penalty of perjury, and (2) declare that its contents are true and correct." Kuehne v. CitiMortgage, Inc., 2012 U.S. Dist. LEXIS 50781, at *14–15 (E.D. Mo. Apr. 11, 2012) (citing CareToLive v. Food & Drug Admin., 631 F.3d 336, 344–45 (6th Cir. 2011)). Rindahl has not demonstrated "by affidavit or declaration that, for specified reasons, [he] cannot present facts essential to justify [his] opposition" to the State Defendants' motion for summary judgment. Fed. R. Civ. P. 56(d). Thus, Rindahl's Rule 56(d) motion, Doc. 268, is denied.

## II.   Motion to Extend

Rindahl moves to extend his time to respond to the State Defendants' motion for summary judgment by sixty days. Docs. 266, 267. In accordance with D.S.D. Civ. L.R 7.1.B, Rindahl's opposition to the State Defendants' motion for summary judgment must be served and filed on or before February 6, 2025. Federal Rule of Civil Procedure 6(b)(1)(A) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time[.]" Rindahl has demonstrated good cause, see Doc. 267, and his motion to extend, Doc. 266, is granted. Rindahl must serve and file his response to the State Defendants' motion for summary judgment, supporting memorandum, and statement of undisputed material facts, Docs. 260, 261, 263, no later than **April 7, 2025**.

### III. Compliance with the District of South Dakota's Civil Local Rules of Practice

Rindahl moves for an order waiving the "formatting" requirements of the District of South Dakota's Civil Local Rules of Practice 7.1, 56.1(B), and 56.1(D). Doc. 271. Rindahl's motion cites two cases in which the United States Court of Appeals for the Eighth Circuit has recognized that district courts have broad discretion to enforce or not to enforce local rules. Id. (citing Bruning v. City of Omaha, 6 F.4th 821, 827 (8th Cir. 2021); Smith v. Insley's Inc., 499 F.3d 875, 879 (8th Cir. 2007)). Rindahl's motion does not establish good cause for excusing his compliance with D.S.D. Civ. LR 56.1(B) and 56.1(D) when he responds to the State Defendants' motion for summary judgment. See id. This Court has consistently required pro se parties to comply with these local rules, and the Eighth Circuit has consistently held that it is not an abuse of discretion to do so. See, e.g., Bunch v. Univ. of Ark. Bd. of Trs., 863 F.3d 1062, 1067 (8th Cir. 2017) (holding that a litigant's pro se status does not excuse him from following the district court's local rules); Johnson v. Kaemingk, 4:17-CV-04043-LLP, 2020 WL 1441713, at *1 (D.S.D. Mar. 23, 2020) (deeming facts admitted where a pro se plaintiff filed an opposition to a motion for summary judgment but did not comply with D.S.D. Civ. LR 56.1.B); Joe v. Walgreens Co/ILL, 4:09-CV-04144-RAL, 2010 WL 2595270, at *1 (D.S.D. June 23, 2010) (deeming facts admitted where a pro se nonmoving party did not submit a statement of material facts or directly respond to the moving party's statement of material facts); see also Fed. R. Civ. P. 56(e)(2) (providing that the court can consider a fact undisputed when a party "fails to properly address another party's assertion of fact as required by Rule 56(c)"). Moreover, in this case, the Court has granted Rindahl's motion for an additional sixty days to respond to the State Defendants' motion for summary judgment. Rindahl's motion to waive the requirements of D.S.D. Civ. LR 56.1(B) and 56.1(D) is denied. When Rindahl responds to the State Defendants' motion for summary

judgment, he must also respond to the statement of undisputed material facts, Doc. 263, as required by D.S.D. Civ. LR 56.1(B). D.S.D. Civ. LR 56.1(B) requires that:

> A party opposing a motion for summary judgment must respond to each numbered paragraph in the moving party's statement of material facts with a separately numbered response and appropriate citations to the record. A party opposing a motion for summary judgment must identify any material facts on which there exists a genuine material issue to be tried.

Rindahl's failure to comply with D.S.D. Civ. LR 56.1(B) will result in the material facts in the State Defendants' statement of undisputed material facts being deemed admitted. See D.S.D. Civ. LR 56.1(D).

It is not clear which "formatting" requirements of D.S.D. Civ. LR 7.1 Rindahl seeks to have waived. The Court grants his motion for extension of time, Doc. 266. Accordingly, Rindahl's motion to waive "formatting" requirements of D.S.D. Civ. LR 7.1 is denied without prejudice. If there is another specific provision of D.S.D. Civ. LR 7.1 Rindahl seeks to modify, he may file a motion seeking such relief. This Court declines to issue a blanket order excusing Rindahl from complying with D.S.D. Civ. LR 7.1 or any other local rule.

### IV. Conclusion

Accordingly, for these reasons, it is

ORDERED that Rindahl's Rule 56(d) motion, Doc. 268, is denied. It is further

ORDERED that Rindahl's motion to extend, Doc. 266, is granted. Rindahl must serve and file his response to the State Defendants' motion for summary judgment, supporting memorandum, and statement of undisputed material facts, Docs. 260, 261, 263, no later than **April 7, 2025**. It is finally

ORDERED that Rindahl's motion for an order waiving the "formatting" requirements of the District of South Dakota's Civil Local Rules of Practice 7.1, 56.1(B), and 56.1(D), Doc. 271,

5

is denied. When Rindahl responds to the State Defendants' motion for summary judgment, he must also respond to the statement of undisputed material facts, Doc. 263, as required by D.S.D. Civ. LR 56.1(B). His failure to do so will result in the material facts in the State Defendants' statement of undisputed material facts being deemed admitted in accordance with D.S.D. Civ. LR 56.1(D).

DATED this 24th day of January, 2025.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE