UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| RANDY LEE RINDAHL,<br><br>Plaintiff,<br><br>vs.<br><br>TIM REISCH, IN HIS INDIVIDUAL CAPACITY; DOUG CLARK, IN HIS INDIVIDUAL CAPACITY; DAN SULLIVAN, IN HIS INDIVIDUAL CAPACITY; TROY PONTO, DEPUTY WARDEN, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; JOHN BENTING, ASSOC. WARDEN, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; C. ROTERT, EX-ASSOC. WARDEN / CCM, IN HIS OR HER INDIVIDUAL AND OFFICIAL CAPACITY; ELLIS, SECTION MANAGER, IN HIS OR HER INDIVIDUAL AND OFFICIAL CAPACITY; T. SCHNEIDER, SECTION MANAGER, IN HIS OR HER INDIVIDUAL AND OFFICIAL CAPACITY; M. JONES, DISCIPLINARY HEARING OFFICER, IN HIS OR HER INDIVIDUAL AND OFFICIAL CAPACITY; GTEL/GLOBAL TEL LINK CORPORATION; CENTER FOR DIAGNOSTIC IMAGING; KELLIE WASKO, IN HER OFFICIAL CAPACITY; SAMUEL YOST, IN HIS INDIVIDUAL CAPACITY; AND AMBER PIRRAGLIA, IN HER OFFICIAL CAPACITY.<br>Defendants. | 4:22-CV-04073-RAL<br><br><br>ORDER DENYING PLAINTIFF'S RULE 60(b) MOTION, MOTION TO COMPEL, AND MOTION TO STRIKE |

Plaintiff Randy Lee Rindahl, an inmate at the South Dakota State Penitentiary ("SDSP"), filed this pro se lawsuit under 42 U.S.C. § 1983 and other federal statutes. Doc. 1. This Court screened Rindahl's complaint under 28 U.S.C. § 1915A, dismissing the complaint in part and

directing service upon defendants in part. Doc. 12. Rindahl has filed various motions, including a motion for imminent relief from prior judgment, Doc. 250; a motion to compel, Doc. 258; and a motion to strike the State Defendants' summary judgment filings, Doc. 274.

**I.    Rule 60(b) Motion (Doc. 250)**

Rindahl moves for "Imminent Relief from prior Judgment from Docket #247" under Federal Rule of Civil Procedure 60(b). Doc. 250 at 1. Rindahl's Rule 60(b) motion challenges, in part, this Court's ruling on Rindahl's motion for leave to file a supplemental pleading, Doc. 210; Doc. 210-1. To the extent Rindahl sought to assert claims against Globel Tel Link Corporation d/b/a ViaPath Technologies ("GTL") under 42 U.S.C. § 1983, this Court denied Rindahl's motion for leave because this Court had previously determined that GTL is a not a state actor. Doc. 247 at 3 (citing Doc. 12 at 17). This Court also denied Rindahl leave to assert claims against the Department of Corrections ("DOC") and DOC employees for alleged violations of the Federal Communications Act, 47 U.S.C. §§ 201, 203 and 47 C.F.R. §§ 64.2401, 64.6110, because the Act provides for a private cause of action against only telecommunication providers. Doc. 247 at 3. Rindahl argues these rulings were erroneous. Doc. 250. GTL opposes Rindahl's Rule 60(b) motion. Doc. 257. The DOC did not respond to Rindahl's motion.

Rule 60(b) provides that "[o]n motion and just terms, the court may relieve a party . . . from a[n] . . . order[]" for six enumerated reasons. Fed. R. Civ. P. 60(b). In Kemp v. United States, 596 U.S. 528, 535 (2022), the Supreme Court of the United States held that the term "mistake" in Rule 60(b)(1), which provides for relief from a final judgment or order because of "mistake, inadvertence, surprise, or excusable neglect[,]" includes "legal errors made by judges." The Supreme Court also clarified that relief under Rule 60(b)(6), the catchall provision, "is available only when Rules 60(b)(1) through (b)(5) are inapplicable." Id. at 533 (citing Liljeberg v. Health

2

Servs. Acquisition Corp., 486 U.S. 847, 863 n.11 (1988)). Because Rindahl contends that two of this Court's legal conclusions were erroneous, the Court will construe Rindahl's motion as a motion seeking relief under Rule 60(b)(1).

The two cases Rindahl cites to support his argument that this Court erred in concluding that GTL is not a "state actor" under § 1983 do not establish that this Court erred in denying Rindahl's motion for leave to assert § 1983 claims against GTL in this case. In Hughbanks v. Fluke, the court denied GTL's Rule 12(b)(6) motion to dismiss and held that the plaintiff's "amended complaint contains sufficient allegations to find, at this stage of the proceedings, that GTL acts under color of state law when providing tablets for legal research in the prison and can be sued under § 1983." 4:21-CV-04167-KES, 2023 WL 2025009, at *2 (D.S.D. Feb. 15, 2023). In James v. Globel Tel*Link Corp., the court considered all the record evidence presented in support of and in opposition to a motion for summary judgment and held that the record established that GTL was a "willful participant" with New Jersey in setting rates and fees for New Jersey correctional facilities and that New Jersey has provided "significant encouragement" by awarding contracts based largely on which provider could generate the most revenue. 2018 WL 3736478, at *9–10 (D.N.J. Aug. 6, 2018) (quoting Kach v. Hose, 589 F.3d 626, 646, 648 (3d Cir. 2009)). Rindahl's allegations in the proposed supplemental complaint differed from those in Hughbanks and James. Neither Hughbanks nor James render GTL to be a state actor on the basis of Rindahl's allegations.

Section 207 of the Federal Communications Act provides that "[a]ny person claiming to be damaged by any common carrier subject to the provisions of this chapter . . . may bring suit for the recovery of the damages for which such common carrier may be liable under the provisions of this chapter[.]" 47 U.S.C. § 207. Rindahl argues that because the DOC has entered into a contract

3

with GTL, a telecommunications provider, it has assumed duties required of common carriers under the Federal Communications Act. Doc. 250 at 4. Rindahl cites no authority supporting his interpretation of § 207 of the Federal Communications, and this Court concludes Rindahl's argument cannot be reconciled with the plain, unambiguous language of the statute.

For these reasons, Rindahl's Rule 60(b) motion for imminent relief, Doc. 250, is denied.

## II.   Motion to Compel (Doc. 258)

Rindahl moves to compel, pursuant to Federal Rule of Civil Procedure 37, "the party known as Gretchen – Last name unknown – of the Mayo Clinic Film Dept. to respond to the plaintiff's Federal Rule of Civil Procedure Deposition By Written Questions Rule §31(a)(1)[.]" Doc. 258 at 1. Rindahl asserts in late October or early November 2024, he served a request to depose "Gretchen" by written questions pursuant to Federal Rule of Civil Procedure 31(a)(1). Doc. 259 at 2. According to Rindahl, Mayo Clinic and "Gretchen" have not responded to his request. Id. Rindahl contends that on December 17, 2024, he mailed to the Mayo Clinic Medical Director and Legal Department a request for a response to the Rule 31 request for deposition by written questions to satisfy the "Good Faith" requirements under Rule 37. Id.

Federal Rule of Civil Procedure 37(a)(2) provides that a motion for an order compelling a nonparty to respond to discovery "must be made in the court where the discovery is or will be taken." Rindahl seeks to depose a nonparty, Gretchen, who apparently works in the Mayo Clinic Film Department in Eau Claire, Wisconsin, see Doc. 259 at 1–2, by written questions. The United States District Court for the District of South Dakota is not the appropriate court to order discovery from a nonparty located in Wisconsin.

Even if Rule 37 permitted the District of South Dakota to enter an order compelling discovery from a nonparty located in Wisconsin, Rindahl has not demonstrated that his motion to

4

compel should be granted. The District of South Dakota's local civil rules require that "[a] party filing a motion concerning a discovery dispute must file a separate certification describing the good faith efforts of the parties to resolve the dispute." D.S.D. Civ. LR 37.1; see also Fed. R. Civ. P. 37(a)(1) ("The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."). A court may deny a motion to compel for failure to comply with the meet-and-confer requirement. Robinson v. Potter, 453 F.3d 990, 995 (8th Cir. 2006).

Rindahl states that he mailed correspondence requesting a response to "said Rule 31 deposition," Doc. 259 at 2, but "Rule 37 requires more than simply sending a letter demanding [a response;] . . . . it requires hearing out the opposing party's positions and requests and attempting to negotiate a compromise." Gard v. Dooley, 4:14-CV-04023-LLP, 2017 WL 318771, at *2 (D.S.D. Jan. 23, 2017). Because Rindahl appears not to have complied with the meet-and-confer requirement of Rule 37(a)(1) and D.S.D. Civ. LR 37.1, his motion to compel is denied.

Finally, even if Rindahl had complied with the meet-and-confer requirement, this Court cannot consider the merits of his motion to compel. Rindahl did not attach to his motion to compel or supporting affidavit a copy of a notice of deposition by written questions. See generally Docs. 258, 259; see also D.S.D. Civ. LR 26.1.C ("Any portions of discovery materials necessary for the disposition of any motion filed (with relevant portions highlighted or underlined) must either be attached as an exhibit to the party's brief in support of such motion or attached to the party's affidavit filed with the brief."). Because the notice of deposition by written questions is not part of the record, this Court cannot assess whether the notice complies with Rule 31. The record contains insufficient information to determine whether Rindahl has compelled the deponent's attendance by a subpoena under Rule 45, has identified the name or descriptive title and address

of the officer before whom the deposition will be taken, or delivered to the officer a copy of the notice of deposition along with the written questions. See Fed. R. Civ. P. 31(a)(1), (a)(3), (b). For these reasons, Rindahl's motion to compel, Doc. 258, is denied.

### III. Motion to Strike (Doc. 274)

Rindahl moves to strike the State Defendants' motion for summary judgment, Doc. 260; supporting brief, Doc. 261; supporting affidavit, Doc. 262; and statement of undisputed material facts, Doc. 263, as untimely. Doc. 274. The State Defendants did not respond to Rindahl's motion to strike.[1]

This Court granted the State Defendants' motion to stay discovery until the question of the applicability of the doctrine of qualified immunity is resolved by this Court and ordered the State Defendants[2] to file their motion for qualified immunity within sixty days. Doc. 247 at 10–11. The State Defendants moved for a fourteen-day extension of time to file a motion for summary judgment on qualified immunity grounds. Doc. 253. This Court granted the State Defendants' motion and extended the time to file a motion for summary judgment until January 13, 2025. Doc. 254. The CM/ECF Docket Text description for Doc. 254, which is generated by court personnel, states that "[t]he deadline for State Defendants to file a motion for qualified immunity is 1/16/2025." The State Defendants filed their motion for summary judgment, supporting memorandum, supporting affidavit, and statement of undisputed material facts on January 16,

---

[1] This Court previously noted that the DOC did not respond to Rindahl's Rule 60(b) motion, Doc. 250. See supra at 2. As this case proceeds, if Rindahl files a motion to which the State Defendants object or oppose, it would promote the "just, speedy, and inexpensive determination" of this action if the State Defendants, in accordance with D.S.D. Civ. LR 7.1.B., serve and file a responsive brief containing legal arguments and authorities in opposition to the motion. See Fed. R. Civ. P. 1. Similarly, if Rindahl files a motion to which the State Defendants do not object and do not oppose, this Court directs that the State Defendants promptly notify the Court.

[2] The State Defendants are identified in Doc. 247 at 10, Doc. 260 at 2; and Doc. 261 at 2.

2025. Docs. 260, 261, 262, 263. This Court is not inclined to strike the summary judgment filings as untimely when the record demonstrates that a clerical error by court personnel likely misled the State Defendants as to the deadline for filing their summary judgment motion. This clerical error is sufficient to establish good cause and excusable neglect to extend the deadline after its expiration. See Fed. R. Civ. P. 6(b)(1)(B).

In his motion to strike, Rindahl does not argue that he has been unduly prejudiced because the State Defendants' motion for summary judgment was filed on January 16 rather than January 13, 2025. See generally Doc. 274. Rindahl appears to have suffered no prejudice from this minor delay in filing. Finally, the Court notes that Rindahl requested, and this Court granted, a sixty-day extension of time to respond to the State Defendants' motion for summary judgment. Doc. 266; Doc. 272 at 3. Rindahl then timely responded to the State Defendants' motion for summary judgment. Docs. 277, 278, 279. For these reasons, Rindahl's motion to strike, Doc. 274, is denied.

## IV.    Conclusion

Accordingly, for these reasons, it is

ORDERED that Rindahl's motion for imminent relief, Doc. 250, is denied. It is further

ORDERED that Rindahl's motion to compel, Doc. 258, is denied. It is finally

ORDERED that Rindahl's motion to strike, Doc. 274, is denied.

DATED this 21st day of April, 2025.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE