UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| RANDY LEE RINDAHL,<br><br>Plaintiff,<br><br>vs.<br><br>TIM REISCH, IN HIS INDIVIDUAL CAPACITY; DOUG CLARK, IN HIS INDIVIDUAL CAPACITY; DAN SULLIVAN, IN HIS INDIVIDUAL CAPACITY; TROY PONTO, DEPUTY WARDEN, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; JOHN BENTING, ASSOC. WARDEN, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; C. ROTERT, EX-ASSOC. WARDEN / CCM, IN HIS OR HER INDIVIDUAL AND OFFICIAL CAPACITY; ELLIS, SECTION MANAGER, IN HIS OR HER INDIVIDUAL AND OFFICIAL CAPACITY; T. SCHNEIDER, SECTION MANAGER, IN HIS OR HER INDIVIDUAL AND OFFICIAL CAPACITY; M. JONES, DISCIPLINARY HEARING OFFICER, IN HIS OR HER INDIVIDUAL AND OFFICIAL CAPACITY; GTEL/GLOBAL TEL LINK CORPORATION; CENTER FOR DIAGNOSTIC IMAGING; KELLIE WASKO, IN HER OFFICIAL CAPACITY; SAMUEL YOST, IN HIS INDIVIDUAL CAPACITY; AND AMBER PIRRAGLIA, IN HER OFFICIAL CAPACITY.<br>　　　　　　Defendants. | 4:22-CV-04073-RAL<br><br><br>OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO AMEND (DOC. 270) |

Plaintiff Randy Lee Rindahl, an inmate at the South Dakota State Penitentiary (SDSP), filed this pro se lawsuit under 42 U.S.C. § 1983 and other federal statutes. Doc. 1. This Court screened Rindahl's complaint under 28 U.S.C. § 1915A, dismissing the complaint in part and

directing service upon defendants in part. Doc. 12. Rindahl moves for leave to amend his complaint. Doc. 270. Rindahl's pending motion to amend is the third motion to amend Rindahl has filed since this Court's § 1915A screening order. See Docs. 167, 210. For the reasons outlined below, Rindahl's motion is denied in part and granted only to the extent he seeks to allege additional facts in support of his pending claims against Globel Tel Link Corporation (GTL).

## I.     Legal Standard

According to Rindahl's motion, he seeks leave to file an amended complaint under Federal Rule of Civil Procedure 15(a)(2). Doc. 270 at 1. Rindahl's motion to amend, however, is properly characterized as a motion for leave to supplement his complaint under Federal Rule of Civil Procedure 15(d) because the proposed supplemental pleading sets out transactions, occurrences and events that have occurred since this Court screened Rindahl's initial complaint and supplement. Rindahl's proposed supplemental pleading is nineteen pages in length and appears to assert at least six additional claims against various defendants, most of whom are not named defendants in this lawsuit. Doc. 270-1. Rindahl's new claims arise from various wholly unrelated events occurring at different times and raise a myriad of factual and legal issues. Rindahl seeks leave to file a supplemental pleading as it relates to his claims against GTL and his claims against South Dakota Department of Corrections (DOC) personnel.

Federal Rule of Civil Procedure 15(d) provides:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

Supplemental pleadings require leave of court under Rule 15(d). 6A Charles A. Wright et al., FEDERAL PRACTICE AND PROCEDURE § 1504 (3d ed. 2025). "[B]oth a motion of a party, and leave

2

of court are required as a prerequisite to the service and filing of supplemental pleadings." 3 James Wm. Moore et al., MOORE'S FEDERAL PRACTICE § 15.30 (3d ed.). Whether to grant leave to file a supplemental pleading is left to the sound discretion of the trial court, and such decision will not be disturbed on appeal absent an abuse of discretion. Minn. Mining & Mfg. Co. v. Superior Insulating Tape Co., 284 F.2d 478, 481 (8th Cir. 1960). The standard used by a district court in deciding whether to grant leave to file a supplemental complaint is the same standard that applies when deciding whether to grant leave to file an amended complaint. Glatt v. Chicago Park Dist., 87 F.3d 190, 194 (7th Cir. 1996) (citations omitted).

When ruling on Rindahl's previous motions to supplement his complaint, this Court explained that Rindahl cannot, via a motion to supplement, add new theories of liability against existing defendants unrelated to his pending claims or the underlying events giving rise to those claims:

> Rindahl's new claims arise from various wholly unrelated events occurring at different times and raise numerous unrelated factual and legal issues. Simply put, it appears that Rindahl believes that because he has a pending lawsuit, he can "supplement" his complaint anytime during the pendency of the litigation to assert any claim that he believes to exist regardless of whether the proposed supplemental claim is related to his pending claims and regardless of whether the defendant or defendants are already parties to this lawsuit. Granting Rindahl unfettered leave to do so hinders the "just, speedy, and inexpensive determination" of the claims raised in his initial complaint, which have been pending for than two[1] years.

Doc. 247 at 2. The Court is also concerned that Rindahl, a barred filer, seeks to supplement his complaint to avoid the filing fee and § 1915A screening process. Doc. 239 at 34.

---

[1] This action was commenced on June 6, 2022, which means that when Rindahl filed the pending motion to supplement his complaint, the claims in his initial complaint had been pending for more than two and a half years. Doc. 1; Doc. 270.

3

## II. DOC Personnel

The DOC defendants did not respond to Rindahl's motion to amend. This Court suspects that the DOC defendants may not have responded because they filed a motion for summary judgment, Doc. 260, before Rindahl filed his motion to amend, Doc. 270.[2] Most of Rindahl's proposed supplemental claims against DOC personnel arise out of occurrences and events wholly unrelated to the occurrences and events alleged in his initial complaint. When a proposed supplemental complaint is unrelated to the existing claims, a district court may deny leave to file the supplemental complaint and direct that the plaintiff raise the unrelated claims in a separate lawsuit. See Thorp v. Dist. of Columbia, 325 F.R.D. 510, 513–14 (D.D.C. 2018) (denying leave to file a supplemental complaint containing allegations unrelated to the original complaint and implicating new defendants and noting that granting leave would have unreasonably delayed resolution on the merits and caused additional expense to the current defendants); Singleton v. Hoester, 505 F. Supp. 54, 57–58 (E.D. Mo. 1980) (denying motion to file supplemental complaint that relates only indirectly to the original complaint, arises out of an unrelated set of facts, and relates to a new defendant not named in the original complaint). At this stage of the proceedings, permitting Rindahl to assert additional claims, based on different facts and different legal theories, against DOC personnel, including many who are not named defendants, will result in undue delay. Thus, to the extent Rindahl seeks leave to assert additional claims against existing DOC defendants or to allege claims against DOC personnel who are not named defendants in this lawsuit, Rindahl's motion to amend, Doc. 270, is denied.

---

[2] If a party opposes a motion, the District of South Dakota's Local Civil Rules contemplate that the opposing party will file and serve a responsive brief setting forth the legal arguments and authorities on which its opposition is based. D.S.D. Civ. LR 7.1(B). If a party does not oppose a motion, the non-moving party ought to inform the Court that it does not oppose the motion. The Local Rules of course apply even if the plaintiff is proceeding pro se.

Rindahl's proposed supplemental complaint, Doc. 270-1, appears to seek to add DOC personnel as additional defendants on his pending claims against GTL for insufficient notice of telephone rates and flat-billing in violation of federal law. Doc. 270-1 at 3. While this portion of his proposed pleading may relate to the matters alleged in his amended complaint, permitting Rindahl to add DOC personnel as additional defendants on these claims would be futile. Rindahl's claims against GTL allege violations of the Federal Communications Act. See Doc. 12 at 18–20. But this Act only provides for a private cause of action against telecommunications providers. 47 U.S.C. §§ 206-207. As this Court noted when denying one of Rindahl's previous motions to amend, "the SD DOC and DOC employees are not telecommunication providers." Doc. 247 at 3. Thus, Rindahl's motion for leave to assert claims against DOC personnel for alleged violations of 47 U.S.C. §§ 201, 203 and 47 C.F.R. §§ 64.2401, 64.6110 is denied because the proposed claims are futile.

Rindahl seeks leave to assert a claim against DOC personnel, some of whom are named defendants and some of whom are not, for unauthorized use of personal information belonging to his friends and family. Doc. 270-1 at 5–6. This claim arises out of Rindahl's request in September 2024 that GTL provide him addresses to correspond to telephone numbers on Rindahl's contact list. Id. This claim is futile because Rindahl, as pro se plaintiff, cannot bring claims on behalf of others. Weigel v. City of Flandreau, No. 4:23-CV-04184-ECS, 2025 WL 487153, at *2 (D.S.D. Feb. 13, 2025) ("Only a licensed attorney can represent the interests of another person.") (collecting cases, including Jones ex rel. Jones v. Corr. Med. Servs., 401 F.3d 950, 952 (8th Cir. 2005)); Ward v. U.S. Marshals, No. 5:23-CV-05061-CCT, 2025 WL 949242, at *15 (D.S.D. Mar. 28, 2025) ("Under 28 U.S.C. § 1654, a pro se plaintiff may plead their own cases in federal court, but a pro se plaintiff cannot bring claims on behalf of others."). Moreover, even if the claim were

not futile, this Court would not grant Rindahl leave to assert this new, unrelated claim against additional defendants at this stage of the proceedings.

Rindahl seeks leave to assert claims against DOC personnel for allegedly violating South Dakota House Bill 1222 (2024), which sought to provide inmates in the custody of the DOC with free voice communications. Doc. 270-1 at 6–7. Because HB 1222 was withdrawn before it was enacted, Rindahl's claim alleging a violation of HB Bill 1222 is futile. See Doc. 276 at 10 n.3.

Rindahl's proposed supplemental complaint alleges claims for deliberate indifference to his serious medical needs.[3] Doc. 270-1 at 12–13 (alleging delay in treating a "possible Swollen Artery" revealed on an August 2, 2024, imaging study); id. at 13–16 (alleging misinterpretation of imaging studies performed in May 2024 and September 2024); id. at 16–18 (alleging a delay in treating an "area of concern" noted on imaging studies performed in 2023 and 2024). Rindahl's motion to assert additional claims alleging deliberate indifference to serious medical needs is denied. These proposed additional deliberate indifference claims are unrelated to his pending deliberate indifference claims. The claims relate to different medical conditions, different time periods, and involve different providers. Although Rindahl's initial complaint and his proposed supplemental complaint both allege claims for deliberate indifference to serious medical needs, "related subject matter alone is insufficient to satisfy Rule 20. If the claims do not arise from the same transaction or occurrence, plaintiffs must file each such claim in a separate action and comply

---

[3] Rindahl's proposed supplemental complaint references Avera Medical Group (AMG), and AMG providers, although it is unclear whether he intends to assert claims against AMG or any of its providers. See Docket 270-1 at 11–18. Rindahl's initial complaint included claims against AMG and certain AMG providers, but this Court granted the AMG Defendants' motion for summary judgment on September 30, 2024, Doc. 239, well before Rindahl filed the pending motion to supplement his complaint, Doc. 270. To the extent Rindahl seeks leave to assert in this action claims against AMG or any AMG providers relating to treatment provided after this action was commenced, Rindahl's motion is denied.

6

with the filing restrictions[.]" Lundahl v. JP Morgan Chase Bank, 5:17-CV-05069-LLP, 2018 WL 6727071, at *3 (D.S.D. Dec. 21, 2018); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this 50-claim, 24-defendant suit produced but also to ensure that prisoners pay the required filing fees—for the [PLRA] limits to 3 the number of frivolous suits or appeals that any prisoner may pay without prepayment of the required fees." (citation omitted)). At this stage of the proceedings, Rindahl's motion for leave to file a supplemental complaint alleging new claims for deliberate indifference to serious medical needs arising during the pendency of this action is denied. See Bradford v. Ogbuehi, No. 1:17-cv-01128-SAB, 2021 WL 2188130, at *4 (E.D. Cal. May 28, 2021) (denying prisoner's motion to supplement, finding "judicial economy will not be served by allowing supplementation here. Rather, these unrelated claims against new and different defendants belong in a different lawsuit.").

### III. GTL

GTL does not oppose Rindahl's motion to amend to the extent it seeks to add factual allegations in support of his existing claims against GTL regarding insufficient notice of telephone rates under 47 C.F.R. §§ 64.2401, 64.6110 and flat-rate billing under 47 C.F.R. § 64.6090. Doc. 276 at 4–5. Thus, Rindahl's motion to amend, Doc. 270-1, is granted only to the extent that Rindahl seeks to add factual allegations in support of his existing claims against GTL.[4]

The remainder of Rindahl's proposed amended pleading asserts new claims arising during the pendency of this action based on different theories of liabilities and factual allegations unrelated to Rindahl's existing claims against GTL. See Doc. 270-1 at 4–11. Rindahl also seeks

---

[4] GTL may, if it chooses, respond to these additional factual allegations, but GTL is not required to do so. See Fed. R. Civ. P. 15(d) ("The court may order that the opposing party plead to the supplemental pleading within a specified time period.").

leave to add new defendants identified as "RG" and "Wilson, L." Id. at 1–11. It appears, based on context, that Rindahl believes these additional proposed defendants are GTL employees. Id. At this stage of the proceedings, it is not in the interest of judicial economy or the "just, speedy, and inexpensive determination" of Rindahl's claims against GTL, which have been pending for more than three years, to permit Rindahl to assert new, unrelated claims arising out of alleged transactions and occurrences during the pending of this action. For these reasons, Rindahl's motion to amend to assert additional claims against GTL and to add unidentified GTL employees as defendants is denied.

Rindahl's motion to amend is denied in part for the additional reason that the many of the proposed additional claims against GTL are futile. As discussed above, Rindahl cannot assert claims on behalf of his friends and family for alleged unauthorized disclosure of their personal information, and all claims arising out of the alleged violation of a House Bill that was never enacted are futile and perhaps frivolous as well. Rindahl alleges claims against GTL under 42 U.S.C. §§ 1981 and 1985(3), but these claims are futile. Doc. 270-1 at 2, 4. To a state a claim under 42 U.S.C. § 1981, a "plaintiff must show that (1) he is a member of a racial minority, (2) the defendant intended to discriminate against him on the basis of race, and (3) the discrimination concerned an area enumerated by [§ 1981]." Williams v. Lindenwood Univ., 288 F.3d 349, 355 (8th Cir. 2002). Rindahl's proposed supplemental pleading does not allege any facts relating to any of these elements. To state a claim under 42 U.S.C. § 1985(3), a plaintiff must allege "(1) a conspiracy, (2) for the purpose of depriving another of the equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to a person or property, or the deprivation of a legal right." Federer v. Gephardt, 363 F.3d 754, 757–58 (8th Cir. 2004) (internal quotation omitted). A § 1985(3) claim also requires proof

of a class-based animus. Id. (internal citation omitted). Rindahl's proposed supplemental pleading does not allege any class-based animus. Accordingly, it is

ORDERED that Rindahl's motion to amend, Doc. 270, is granted in part and denied in part. Rindahl's motion is granted only to the extent he seeks to allege additional facts in support of his pending claims against Globel Tel Link Corporation (GTL), but otherwise it is denied.

DATED this 23rd day of September, 2025.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE