UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| RANDY LEE RINDAHL,<br><br>Plaintiff,<br><br>vs.<br><br>GTEL/GLOBAL TEL LINK CORPORATION,<br><br>Defendant. | 4:22-CV-04073-RAL<br><br>ORDER DENYING MOTION FOR RULE 11 HEARING AND SANCTIONS |

Plaintiff Randy Lee Rindahl, an inmate at the South Dakota State Penitentiary ("SDSP"), filed a pro se lawsuit asserting claims against Global Tel Link Corporation d/b/a ViaPath Technologies ("ViaPath") arising out of his use of a ViaPath-issued tablet at the SDSP. Doc. 1; Doc. 9. This Court granted ViaPath's motion for summary judgment and entered final judgment in favor of Defendants and against Rindahl. Doc. 206; Doc. 307.

After this Court entered final judgment, Rindahl filed a Motion for Rule 11 Hearing and Sanctions. Doc. 308. Rindahl bases his motion on "Three points of [False Statements]" allegedly made in the Declaration of Lesley Hernandez in Support of Defendant ViaPath's Motion for Summary Judgment ("Hernandez Declaration"). Id. at 1. (emphasis in original omitted). According to Rindahl, the Hernandez Declaration, Doc. 289, includes false statements regarding certain subscription gaming services available on prison tablets and billing rates for telephone calls. Doc. 308 at 1–3. Rindahl argues that these statements constitute misrepresentations to the Court and therefore violate Rule 11. Id.

## I. Legal Standard

The United States Court of Appeals for the Eighth Circuit has held that "[t]he imposition of sanctions is a serious matter and should be approached with circumspection." O'Connell v. Champion Intern. Corp., 812 F.2d 393, 395 (8th Cir. 1987). A court may impose sanctions under Federal Rule of Civil Procedure 11(c) "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated[.]" Fed. R. Civ. P. 11(c)(1). Federal Rule of Civil Procedure 11(b) provides:

> Representations to the Court. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

According to the Eighth Circuit, the "plain language" of Rule 11(c) provides that "party-initiated motions for sanctions 'shall be made separately from other motions or requests and shall describe the specific conduct'" constituting a violation. Gordon v. Unifund CCR Partners, 345 F.3d 1028, 1029 (8th Cir. 2003) (quoting Fed. R. Civ. P. 11(c)). Additionally, "the motion for sanctions may only be filed or . . . presented to the court if the challenged paper, claim, defense,

contention, or denial is not withdrawn or appropriately corrected within the 21-day period." Caranchini v. Nationstar Mortg., LLC, 97 F.4th 1099, 1102 (8th Cir. 2024) (internal quotations and citation omitted). Rule 11(c)(2) also requires that "[t]he motion . . . be served under Rule 5, but it must not be filed" until the 21-day period has passed. Fed. R. Civ. P. 11(c)(2). "Thus, Rule 11(c)(2) creates a 'safe harbor' where a party is given the opportunity to withdraw or correct the challenged paper before a sanctions motion is filed." Caranchini, 97 F.4th at 1102.

II.     Rindahl's Motion for Rule 11 Hearing and Sanctions

   A. **Failure to Comply with Procedural Requirements**

Rindahl sent ViaPath's counsel a letter—but not the motion—with the subject "Rule 11/21 day safe harbor[,]" alleging that the statements from the Hernandez Declaration discussed above "fall within False Statements within a Judicial Proceeding, setting for the mandates within a Rule 11[.]" Doc. 312 at 5–6 (grammar errors in original). In this letter, Rindahl wrote, "If you and your client choose to refuse to respond to said request, I hereby give notice that I will petition the Court for Rule 11 proceedings, including Sanctions within Default against your client." Id. at 6. In an August 21, 2025 response to Rindahl, ViaPath's counsel acknowledged that it received Rindahl's letter on August 5, 2025, and explained that the factual contentions Rindahl referenced in his letter complied with Rule 11 requirements. Id. at 8–9. On October 9, 2025, Rindahl filed a motion for Rule 11 sanctions without first serving the motion on ViaPath or ViaPath's counsel. Id. at 1.

"The safe-harbor provision is a strict procedural requirement." Caranchini, 97 F.4th at 1102 (quoting Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd., 682 F.3d 170, 175 (2d Cir. 2012)). A court must deny a Rule 11 motion for a movant's failure to follow the mandated procedure set forth in Rule 11(c)(2). Gordon, 345 F.3d at 1030 (reversing an order of sanctions when the moving party's "request for sanctions . . . was procedurally

deficient[]"); see also Walking Eagle v. United States, No. 5:11-CV-05016-KES, 2011 WL 2881596, at *6–7 (D.S.D. July 15, 2011) (declining to address a pro se plaintiff's motion for Rule 11 sanctions because it was "foreclosed by his failure to comply with Rule 11's twenty-one day 'safe harbor' provision[]").

"Rule 11 specifically says, '[t]he *motion* must be served' on the other party 21 days before being filed in court." Caranchini, 97 F.4th at 1102 (quoting Fed. R. Civ. P. 11(c)(2)) (emphasis in original). Informal notice of a potential violation "*before* proceeding to prepare and serve [the other party with] a Rule 11 motion" does not constitute compliance with the safe harbor provision. Id. (quoting Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment) (emphasis and alteration in original). Rule 11 sanctions are appropriately rejected when the moving party "sent only warning letters to the non-movant's counsel[.]" Gordon, 345 F.3d at 1030 (citing VanDanacker v. Main Motor Sales, Co., 109 F. Supp. 2d 1045, 1055 (D. Minn. 2000)). Here, Rindahl attempted to follow the safe harbor requirement of Rule 11(c), but his August 5 letter was the sort of informal notice or warning letter deemed insufficient to comply with the safe harbor provision by the Eighth Circuit. Nonetheless, because Rindahl is a pro se plaintiff and appears to have attempted to comply with the Rule 11 safe harbor provision, this Court will discuss why Rindahl's motion fails on other grounds.

### B. No Substantive Basis for Rule 11 Sanctions

Rule 11 requires "a reasonable inquiry into the law and facts before signing pleadings, written motions, and other documents[.]" Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment. By signing a pleading or document in accordance with Rule 11, the litigant is certifying that "there is (or likely will be) 'evidentiary support' for the allegation, not that the party will prevail with respect to its contention regarding the fact." Id. Rule 11 instructs "litigants to

'stop-and-think' before initially making legal or factual contentions" to the Court, and "emphasizes the duty of candor by subjecting litigants to potential sanctions for insisting upon a position after it is no longer tenable[.]" Id.

The Hernandez Declaration provided by ViaPath meets Rule 11's standard that factual contentions have evidentiary support to the best of the filing party's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances. Here, Rindahl claims that Hernandez's statement that "[t]he tablets available to inmates provide access to certain third-party subscription gaming services for an additional subscription fee[]" is false. Doc. 289 ¶ 25; Doc. 308 at 1–2. Rindahl claims that this statement, as well as Hernandez's statement that "the tablets have no direct outlet to communicate as it relates to the Games" were designed to "avoid the cost of the Prizes and Cash" that Rindahl believes he was entitled to. Doc. 308 at 2. However, as this Court stated in its Order granting ViaPath's motion for summary judgment ("Order"), "[t]he record contains no admissible evidence of any contract between ViaPath and Rindahl obligating ViaPath to provide him prizes offered through any games, including 'Brick Breaker Blitz,' that he may have accessed via his ViaPath-issued tablet." Doc. 306 at 13.

Rindahl's claims that ViaPath made false statements regarding billing rates for telephone calls also fall short of establishing a Rule 11(b) violation. Specifically, Rindahl disputes the truthfulness of two statements in the Hernandez Declaration providing that ViaPath does not bill a flat rate for calls. Doc. 308 at 2–3. But this Court stated in its Order that "[i]t is undisputed that ViaPath has never billed Rindahl a flat rate for calls." Doc. 306 at 10–11. Rindahl's own evidence supports this, as the Court noted in its Order: "[I]f, as Rindahl alleges, he was charged a flat rate for calls, his graphs would demonstrate that he was charged the same amount for every call,

regardless of duration, but Rindahl has included graphs demonstrating that is not the case." Id. at 11 n.7.

A Rule 11 motion for sanctions is not the appropriate vehicle for expressing dissatisfaction with the outcome of litigation, as Rindahl is attempting to do here. Because Rindahl's motion is meritless and fails to establish any arguable basis for sanctions under Rule 11, and because he failed to comply with the procedural requirements, his motion for a Rule 11 hearing and sanctions is denied.

### III. Conclusion

Accordingly, it is

ORDERED that Rindahl's Motion for Rule 11 Hearing and Sanctions, Doc. 308, is denied.

DATED this 6th day of November, 2025.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE